JOSIAH HELLYER v. SARAH C. BALDWIN AND CHARLES F.. BALDWIN.

The terms of the act requiring, in case of a bond and mortgage given for the same debt, that the mortgage shall be first foreclosed (*Rev. Sup.*, p. 490), are not waived by giving, with the bond, a warrant to confess. judgment; and a judgment entered upon such bond before the fore-closure of the accompanying mortgage is irregular.

On rule to show cause why a judgment entered upon a bond with warrant to confess judgment should not be vacated.

Argued at June Term, 1890, before Justices REED and GARRISON.

For the rule, *John H. Backes.*

*Contra, John A. Steen.*

The opinion of the court was delivered by

REED, J.   The defendants executed a real estate mortgage, and for the same debt secured by that mortgage made the bond, upon which the judgment now attacked was entered. The bond was accompanied by a warrant, authorizing any attorney, in case of the breach of the conditions of the bond, to appear in any competent court and confess a judgment.

The bond was not paid according to the conditions, and judgment was entered by confession. No suit had been brought to foreclose the mortgage.   The defendants insist that the judgment was prematurely entered.

In support of this insistence the provisions of the act of 1881 (*Rev. Sup.*, p. 490), amending the second section of the act of 1880, is invoked.   The language of this act is : " That in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the mortgage, and if at the sale of the mortgaged premises under said foreclosure proceedings the said premises should not sell for a sum sufficient to satisfy said debt, interest and costs, then and in such case it shall be lawful to proceed on the bond for the deficiency, and that all suits on said bond shall be commenced within six months from the date of the sale of said mortgaged premises, and judgment shall be rendered and execution issued only for the balance of debt and costs of suit."

The first proceeding taken in this case, as already appears, was not a suit to foreclose the mortgage, but an entry of judgment on the bond.   The action taken was in direct conflict with the provisions of the statute.

The action is, nevertheless, defended upon the ground that the restrictions of the statute have been waived.   The waiver, it is said, springs out of the warrant to confess judgment executed contemporaneously with the execution of the bond.

The statute is one the protection of which can probably be waived.   It seems to be enacted for the benefit of individuals, and not to secure any object of public policy or morality. The right to waive a privilege conferred by a statute of this

kind is undoubted. *Sedgw. Stat. & Const. Law* 109, 421; *Quick* v. *Corlies*, 10 *Vroom* 11.

But I am unable to perceive that any waiver of the statute can be found in the warrant to confess judgment.

The practice of empowering an attorney to appear and confess judgment is a part of the common law procedure. 3 *Bl. Com.* 397.

The present statutory regulations have been in existence for nearly a century in this state.

It is highly improbable that when this frequently employed form was signed the parties had any thought of the statute in question. If their intention had been to waive its provisions, there would have been an express allusion to the act.

The purpose of a warrant is to save the creditor the time, expense and trouble of being compelled to take the orderly steps of a suit. By it, when the debt becomes suable, he can at once enter judgment. The debt upon this bond, by force of the statute, did not ripen for suit until the sale of the property covered by the collateral mortgage security had been applied in payment of the debt. In the language of the act, all proceedings shall be first to foreclose the mortgage.

Proceedings upon the bond can be taken only in case of a deficiency existing after the sale of the mortgaged premises, and then judgment can be entered for the amount of such deficiency only.

The entry of judgment in this case was a proceeding upon the bond, and as there had been no determination of the existence of any, or the amount of any, deficiency, it was premature.

It is perceived that this result does not deprive the warrant of its vigor to subserve its purpose.

When the deficiency is ascertained the creditor can, by force of it, enter his judgment at once for such amount. He evades the otherwise necessary procedure by an action.

The judgment is vacated.