### ALEXANDER G. VAN AKEN v. JOSIAH TICE.

1. The protection accorded to a debtor who has given a bond and mortgage for the same debt (*Gen. Stat.*, p. 2112, § 47) extends to a subsequent bond given for the identical debt and is not waived by giving with such bond a warrant to confess judgment. A judgment entered upon such bond before the foreclosure of the mortgage will be set aside.

2. The protection of the statute may be waived by the obligor, but the giving of a warrant to confess judgment upon any instrument securing the identical debt is not, *per se*, a waiver; it is merely an element in an issue of fact.

3. The time of the "giving" of the securities for the same debt is the test made by the statute, not the time of bringing suit or of obtaining judgment thereon, and the character thus acquired cannot be disturbed by the sole act of the creditor; only an act imputable in law to the obligor can have that effect.

4. A creditor took a bond and warrant to confess judgment for the same debt for which he at the time held his debtor's bond and mortgage. He then tore the seals off the latter instrument for the purpose of canceling it, and caused judgment to be entered by virtue of the warrant of attorney. *Held*, that the judgment was illegal and must be set aside.

On rule to show cause why a judgment entered upon a bond with warrant to confess judgment should not be set aside.

On June 9th, 1896, the defendant, Tice, executed a real estate mortgage to Van Aken to secure the payment of two promissory notes amounting to the sum of $1,400. A bond accompanied this mortgage. On the 23d of July, 1896, a bond with warrant of attorney to confess judgment was delivered by Tice to Van Aken. This bond was conditioned for the payment of $1,460, which is the same debt as that secured by the mortgage with interest added. On August 12th, 1896, Van Aken, by virtue of the warrant of attorney, caused judgment to be entered on this bond. No suit had been brought to foreclose the mortgage. The defendant claims that this judgment was prematurely entered. *Gen. Stat.*, p. 2112, § 47.

The statutory provision is " that in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the mortgage."

Argued at February Term, 1897, before Justices GARRISON and GUMMERE.

For the rule, *Freeman Woodbridge.*

*Contra, George Berdine.*

The opinion of the court was delivered by

GARRISON, J.   This application raises a question of fact only.   The law is authoritatively settled for this court by the cases of *Hellyer* v. *Baldwin,* 24 *Vroom* 141, and *Holmes* v. *Seashore Electric Railway Co.,* 28 *Id.* 16.

The propositions affirmed by the former decision are—

*First.* That an identical debt, by force of the statute, is not ripe for suit otherwise than by the foreclosure of the mortgage, until after the proceeds of the real estate security have been applied in payment of such debt.

*Second.* That the protection of the statute may be waived by the obligor.

*Third.* That the giving of a warrant empowering an attorney to confess judgment for the identical debt is not such a waiver.

The bond and warrant in the case to which these doctrines were applied accompanied the mortgage, but the terms of the statute make the identity of the debt the test.   This generality of application is insisted upon in the opinion delivered in the later of the cases above cited.   " The statute," says Mr. Justice Van Syckel, " is comprehensive.   It in terms applies to all cases.   It is imperative that all proceedings to collect the debt shall be, first, to foreclose the mortgage securing it." As the question then before this court was a suit upon overdue coupons for interest on a debt secured by a trustee mort-

gage given by a railway corporation, the far-reaching effect of this language will be perceived.

The law being thus established, the obligee places his right to this judgment wholly upon the ground that he is not within the statute; in fine, that there was no mortgage at the time this judgment was entered.

The question whether an obligor might not give as additional security a bond and warrant and waive his rights under the statute is settled affirmatively as to the law, but is not before us upon the facts.

George Berdine, Esq., an intelligent counselor-at-law, who conducted the entire transaction from the beginning, and who took for Van Aken the bond in question, testifies for the obligee in this language:

" Deponent says of his own knowledge that the said bond and warrant of attorney was not an additional security for the bond and mortgage, but the truth to be that the said bond and mortgage was surrendered and judgment taken for the debt, and both parties to the transaction so understood it."

Tice, the obligor, does not question the former of these declarations but joins issue upon the second, viz., that the mortgage was ever surrendered. Tice had a different notion of the transaction from either of these, but as it does not enter into the issue it should not be detailed. The reason why the same transaction was so differently viewed arose doubtless from the circumstance that the parties were dealing amicably, and that there was but one legal counsel, and he a friend of each, who advised them both and conducted the affair for them until a rupture came, when he became distinctively the representative of the obligee. From this it came about that the attorney acted often from a standpoint of his own, and that at times one or both of the real parties were in ignorance of his purposes and even of his actions and hence in no way bound by inferences to be drawn from them. I say this to avoid even the semblance of imputation of anything like unfairness or double dealing to the counsel in the case.

The issue of fact framed and presented by counsel who

thus conducted the case is whether there was any mortgage security for the identical debt at the time this judgment was confessed. In support of the contention that the mortgage had been surrendered, this state of fact appears in proof, viz., that as attorney for Van Aken, Mr. Berdine secured the bond and warrant from Tice and accepted it for Van Aken, and that he got from Van Aken the original bond and mortgage, and as attorney for Van Aken tore the seals off the mortgage and still had it in his possession at the time of the taking of the testimony under this rule. The entire absence of Tice from this transaction renders it difficult to see how any inference or imputation affecting him can arise out of the premises. The legal absence of Van Aken, however, is quite as noticeable, for he specifically testifies that after the giving of the second bond and after the entry of judgment upon it by virtue of proceedings in the Supreme Court, he had this conversation with the counsel: " I asked Mr. Berdine if it was necessary then to have the bond and mortgage recorded, and he explained to me that the proceedings at Trenton were equivalent to record of the bond and mortgage." This is hardly the language of a mortgagee who has surrendered his security to the mortgagor. The next question and answer, however, completely dispose of the fact of a surrender :

"*Q.* Did you deliver the bond and mortgage to Mr. Berdine before or after this explanation that the record of a confessed judgment was equivalent to the record of the mortgage?

"*A.* Afterwards.

"*Q.* How long afterwards?

"*A.* It may have been within a few days, or several weeks."

Thus, by the admission of the obligee, he is relying upon a purely constructive surrender of a mortgage inferred from a transaction from which the mortgagor was actually absent, and the mortgagee legally so, with respect to an instrument that had not even been delivered to the sole party to the trans-

action until after the entry of the judgment claimed to be validated by its surrender.

Upon the plaintiff's own case, the only issue he raises must be decided against him.

I may add that there is another view of the undisputed testimony that is fatal to the plaintiff's position. The established fact is that at the time the second bond was given the mortgage for the same debt was in existence, uncanceled, and in the possession of the mortgagee. The time of the "giving" is the test made by the statute, not the time of bringing suit or of obtaining judgment upon the bond. This character once acquired by the instruments that have been given for the same debt will not be disturbed by the mutilation of the real estate mortgage or by any other sole act of the creditor the effect of which is to avoid the statute. To accomplish this result there must be some act of the obligor, or that is legally imputable to him. In the case in hand none such is shown.

The judgment is set aside, with costs.