## JOHN E. ANDRUS

*v.*

## TIMOTHY BURKE et al.

[Submitted February 1st, 1901. Decided February 7th, 1901.
Filed June 4th, 1901.]

1. Where a senior judgment creditor issues execution, but directs the sheriff to return it without levy in order to found supplemental proceedings on it to reach assets not leviable, his judgment becomes junior not only to subsequent judgments under which executions are levied, but also to an intervening mortgage.

2. The right to treat a deed intended as a mortgage as such is mutual, and the grantee cannot be compelled by other creditors of the grantor to treat it as a deed, in the absence of circumstances creating an estoppel.

3. Such grantee will not be compelled to treat it as a deed where it would be unjust to subsequent judgment creditors, who, though not answering in the action, are treated by all as actively pursuing their remedies.

4. That a mortgagee kept his mortgage from the record for five months at the mortgagor's request does not invalidate it as against general creditors, in the absence of a fraudulent purpose or other improper motive.

5. The act of March 23d, 1881 (*P. L. of 1881 p. 184*), providing that the first proceeding on a bond and mortgage shall be a suit to foreclose a mortgage, does not apply where the mortgagor subsequently executes a warrant of attorney to confess judgment for the same debt with intention that judgment shall be entered at once.

In foreclosure. Exceptions to master's report ascertaining the amount due and fixing priorities between junior encumbrancers.

*Mr. Henry V. Condict, pro se.*

*Mr. Robert S. Hudspeth,* for Fallon and other judgment creditors.

PITNEY, V. C.

The defendant Burke is the owner of three several pieces of property subject to a mortgage or mortgages held by the complainant, Andrus, upon which three several suits of foreclosure were commenced.

The defendants, Fallon, Condict, Hennessy, O'Brien and Oakley, are, severally, judgment creditors of Burke. Fallon's judgment was entered June 5th, 1900; Condict's judgment was entered on June 9; Hennessy and O'Brien's judgments on June 11th, and Oakley's on June 14th—all by confession.

Mr. Condict also held an ordinary warranty deed absolute, executed by Burke and wife to him, for all the property covered by the mortgages, dated January 12th, 1900, for the consideration of $3,700, acknowledged on that day, but lodged for record on June 9th, a few moments after Mr. Condict entered the rule for judgment in his favor against Burke. That deed, it is shown by most conclusive evidence, was given by way of mortgage to secure Mr. Condict for $3,000 advanced on that day, and for $700 due from Mr. Burke to him for professional services. It was kept off the record at the request of Burke, who was a contractor, and at that time engaged in carrying out a heavy contract. Prior to the entry of Condict's judgment Burke had repaid him $500 on account of the borrowed money, so that, on June 9th, when the deed was lodged for record, Mr. Burke owed him $3,200 (besides interest), of which $2,500 was for borrowed money; and on the night before the entry of the judgment and record of the deed Mr. Burke confessed judgment to Mr. Condict for $2,500, the consideration of which judgment was the balance due on the $3,000 cash advanced to him on January 12th and secured by the deed in question.

The contest is between these several creditors.

The peculiarities in the case are these: That Fallon at once issued an execution upon his judgment, but directed the sheriff to return it without levy, and upon it founded supplemental proceedings to reach assets not liable to levy; while Mr. Condict and the other judgment creditors duly issued execution and levied on the mortgaged premises.

Treating Mr. Condict's deed as a mortgage, brings the case, as to the $700 not included in his judgment, directly within that of *Clement* v. *Kaighn, 2 McCarl. 47.* In that case there was, first, a judgment, upon which no execution had ever been issued; second, the complainant's mortgage, and third, divers judgment creditors of the mortgagor, with executions and levies, subject, of course, to the complainant's mortgage. And it was held that the first judgment creditor, by failing to issue an execution on his judgment, was postponed not only to the subsequent judgment creditors who had issued and levied executions, but also to the complainant's mortgage which was subsequent to the older judgment. If in that case there had been no judgments recovered, with executions and levies, subsequent to the complainant's mortgage, that mortgage would have been clearly subsequent in priority of payment to that of the older judgment. But it was held that because judgments subsequent to the complainant's mortgage had been recovered, followed by executions and levies, which placed them prior to the older judgment, it also placed the complainant's mortgage prior to the older judgment. I have never been able to understand the logic of this reasoning, having been taught while a law student that the legal puzzle presented by the situation was insoluble on any known principles. The difficulty, of course, is to find any reason why, after A's priority over B is clearly established, the subsequent intervention of the lien of C should change the priorities between A and B. But the decision of Chancellor Green was followed without question by the court of errors and appeals, in *Hoag* v. *Sayre, 6 Stew. Eq. 552,* and, of course, is binding upon me.

Applying that case here, Fallon must be placed after Condict, not only for the amount of his (Condict's) judgment, which has precedence over Fallon's by reason of its first levy, but also as to the $700 balance due on his deed by way of mortgage, which clearly has priority over the subsequent judgments, and, through them, over Fallon. And this is in accordance with the finding of the master.

But counsel for Fallon attacks Condict's right to a prior lien on several grounds.

*First.* He contends that Condict has no right to treat his absolute deed as a mortgage, because, he argues, that is an option simply for the benefit of Burke, the grantor and mortgagor, and hence, that Condict must stand precisely as if his deed was what it purports to be—unconditional—and that his debt is thereby extinguished, and having an absolute deed he takes the title subject to the judgment of Fallon for $4,800, which must be first paid.

I am unable to adopt that view. The subsequent judgment creditors, although not having answered, are, by express statement of Fallon's counsel made at the argument, treated by all hands as actively pursuing their remedies in all respects as if they had answered and set up their judgments. It would be unjust to those creditors to hold that Condict's deed is an absolute deed. But over and above that consideration, it seems to me that the right to treat the instrument precisely as the parties (both Condict and Burke) considered it at the time it was made, namely, as a mortgage, is a mutual right, the enforcement of which is not optional in either, but binding on both, and which operates to the benefit or advantage, as the case may be, of either, as the circumstances may develop. It seems to me that, on general principles, it is equitable at all times, in the absence of special circumstances raising an estoppel, to consider the instrument precisely in accordance with what the parties understood at the time. Hence, I must decide that point against Mr. Fallon.

*Second.* He claims that keeping it off the record for so long a time—five months—was a fraud on the general creditors of Burke, in that it gave him an undue credit. That question was elaborately discussed and fully considered by me in the case of *Flemington Bank* v. *Jones, 5 Dick. Ch. Rep. 244,* and the result at which I there arrived and the principles upon which I acted were approved by the court of errors and appeals when that case came before them on appeal (at *p. 486* of the same volume).

No evidence was given before the master in this cause to warrant the notion that the deed was kept off the record for any fraudulent purpose or other improper motive; and for the purposes of this particular question the case must stand pre-

Andrus *v.* Burke.

cisely as if Mr. Burke had given the deed or mortgage a day or two before it was recorded.

The next point made by counsel for Fallon is that treating the deed as a mortgage given to secure, *inter alia*, the $2,500 loan upon which the judgment was based, it follows that the entry of the judgment was contrary to the act of March 23d, 1881 (*P. L. of 1881 p. 184*), which provides that the first proceeding on a bond and mortgage shall be by suit to foreclose the mortgage, and for this he relies on the case of *Hellyer* v. *Baldwin, 24 Vr. 141*. That was a motion to vacate a judgment entered upon a bond with warrant of attorney to confess judgment. The circumstances were that the defendants had executed a real estate mortgage accompanied by a bond, attached to which was a warrant of attorney to confess judgment, and before any suit was brought to foreclose the mortgage, and after the default in payment, judgment was entered upon the warrant of attorney without any notice to the defendants.

That mode of further securing a debt also secured by mortgage, namely, to annex to the bond a warrant of attorney to confess judgment, was in use for a great many years in West Jersey, and may be yet, and was referred to in the opinion in *Flemington Bank* v. *Jones*. The supreme court, in *Hellyer* v. *Baldwin*, in setting aside the judgment, made this remark: "It is highly improbable that when this frequently-employed form was signed the parties had any thought of the statute in question. If their intention had been to waive its provisions, there would have been an express allusion to the act." The court stated, however, that the statute in question "is one the protection of which can probably be waived. It seems to be enacted for the benefit of individuals, and not to secure any object of public policy or morality. The right to waive a privilege conferred by a statute of this kind is undoubted," citing authorities.

This statement of the circumstances and the grounds of the action of the court in opening the judgment in that case shows that it has no application to this case. Here no security of any kind was taken at the giving of the mortgage, and hence it is not within the language of the act, and the giving of the bond and warrant of attorney under the circumstances, and in con-

Andrus *v.* Burke.

nection with the evidence of what was said by Burke at the time it was given, shows that he intended and expected that the judgment should be entered at once. Hence, there was a clear waiver of the statute, even if it applied. I will add that the statute in question is, in my judgment, one whose application should not be extended to cases not clearly within its terms.

I think, then, that Mr. Condict's judgment must stand, and that the priorities are as follows: First, the amount due to Mr. Condict, not only on his judgment for $2,500, but also the balance for $700, because that is prior to the junior judgments; next come the junior judgments of Hennessy, O'Brien, Oakley and two or three others that I have not previously mentioned, who took out executions and levied, and last comes the judgment of Fallon.

I come to this conclusion, so far as regards the $700 secured by Condict's mortgage and not secured by his judgment, in obedience to the opinion of Chancellor Green, in *Clement* v. *Kaighn,* and of the court of errors and appeals, in *Hoag* v. *Sayre,* although personally I think that the solution of the puzzle contained in the dissenting opinion of Mr. Justice Dixon, in the latter case, is the better one. It is no hardship upon Fallon to postpone him to subsequent judgments. He exercised his option to waive his lien on the land and proceed and acquire, as he would, the first lien on any non-leviable assets. He could not well do both.

The master, in making his report, has treated the judgment recovered by Mr. Condict as being for the same amount secured by his mortgage. This is a technical error, which, however, does no harm under the view which I feel compelled to take of the case.