### GEORGE W. CROSBY v. LUELLA C. WASHBURN.

Argued February 20, 1901—Decided June 10, 1901.

1. A married woman may make a warrant of attorney to confess judgment if she may make the contract to which it is attached.
2. Where a note and a bond and mortgage are given for the same debt, the obligee may, after the foreclosure of the mortgage, proceed upon the bond under the act of 1881. *Gen. Stat., p.* 2112, § 47.
3. The act above cited is for the protection of the debtor and does not imply a public policy that prevents the debtor from waiving his right to have the suit on the bond commenced by process.
4. The giving of a power of attorney to confess judgment is such a waiver.
5. A confessed judgment against a married woman will, upon proper proofs, be opened to admit of an application for a feigned issue to settle the question of her ability to make the contract upon which the judgment was confessed, and the question of usury may be litigated upon such issue.

On rule to open a judgment entered by virtue of a warrant of attorney.

The agreed facts are that on the 21st day of February, 1898, the defendant was the owner of real estate in Atlantic City, and on that day executed a mortgage to the plaintiff, in which her husband joined, to secure to the plaintiff a certain sum of money evidenced by a bond with warrant to confess judgment and a promissory note. The conditions of the mortgage and of the bond are precisely the same, and the

exact language is incorporated in the state of the case. The note matured on the 21st day of May, 1898, and was renewed on August 21st, 1898, and was protested at maturity for non-payment. The bond under which the judgment now sought to be set aside was entered, was signed by the defendant only, but the promissory note by both the defendant and her husband. After the execution and delivery of the bond, mortgage and note, the mortgaged premises were sold by the defendant and her husband to one Hinchman and thereafter the mortgage held by the plaintiff was foreclosed and the premises purchased by him. Judgment for the deficiency was entered by confession, without summons and without notice to the defendant on the 3d day of November, A. D. 1899.

The following reasons are assigned for vacating and setting aside the judgment:

*First.* No summons was issued in the cause.

*Second.* The suit should have been on the note and not on the bond.

*Third.* There was no warrant to enter the judgment by confession.

*Fourth.* The bond and note sued upon were given by defendant, a married woman, without consideration, to secure the debt of another.

*Fifth.* Usury was charged and no opportunity given to show it by way of defence.

Before Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *S. Cameron Hinkle.*

For the defendant, *Clarence L. Cole.*

The opinion of the court was delivered by

GARRISON, J. The reasons assigned for setting aside this judgment fall into two groups. The first, second and third reasons raise a question of procedure; the fourth and fifth reasons go to the merits. The procedure was correct; it was

that pointed out by the act of 1881. *Gen. Stat., p.* 2112. § 47. Suit on the bond accompanying a mortgage after the foreclosure of the mortgage is authorized by that statute. The fact that a note had also been given for the same debt does not take away the right of suit upon the bond given by this act. The practice upon such suits of empowering an attorney to appear and confess judgment is part of the common law. 3 *Bl. Com.* 397.

A married woman may make such a warrant of attorney. *Heywood* v. *Shreve,* 15 *Vroom* 94.

The right to have a suit commenced by process is a personal privilege that may be waived by the debtor. The statute of 1881 does not alter the common law in this respect. That act was passed for the better protection of the debtor's property and not to secure any object of public policy. *Hellyer* v. *Baldwin,* 24 *Vroom* 141.

The judgment will not be set aside as improvidently entered.

The fourth reason alleges a fact that, if true, avoids not only the warrant of attorney, but the bond as well, viz., that the contract is one of suretyship by a married woman. The testimony shows that there is ground for such a contention.

To afford the judgment debtor an opportunity to apply for a feigned issue that shall raise the question of fact upon which her liability rests the judgment will be opened. The question of usury may at the same time be litigated. The costs will abide the result. The application for a feigned issue must be made at or before the next term, or the defendant will take nothing by her rule.