## WILLIAM H. SHELMERDINE v. CHARLES K. LIPPINCOTT.

Submitted December 5, 1902—Decided February 24, 1903.

1. Under section 123 of the Practice act (*Gen. Stat.,* p. 2554), a writing annexed to a pleading, without being referred to in the body of the pleading as so annexed, cannot be resorted to for the purpose either of enlarging or limiting the averments of the pleading.

2. Under the "Act directing the mode of entering judgments on bonds with warrants of attorney to confess judgments" (*Gen. Stat., p.* 172), a warrant of attorney for confessing judgment that is included in the body of a promissory note is not void. The act is limited by its title so as merely to prohibit the use of such a warrant of attorney in the entry of a judgment in the courts of this state.

On demurrer to replication.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff, *Edward Dudley.*

For the defendant, *Henry I. Budd, Jr.*

The opinion of the court was delivered by

PITNEY, J. The declaration sets forth that on a certain date before the commencement of this suit, in the Court of Common Pleas No. 4 for the county of Philadelphia, in the State of Pennsylvania, by the consideration and judgment of that court, the plaintiff recovered against the defendant a judgment for $51,556.28, with costs, which judgment still remains in that court in full force and effect, in nowise satisfied, reversed or annulled; and that the plaintiff has not yet obtained execution thereof, whereby an action hath accrued, &c. Appended to the declaration is a bill of particulars purporting to set forth a copy of the exemplified record of the judgment upon which the declaration is founded.

By section 123 of the Practice act (*Gen. Stat., p.* 2554) it is enacted that if any writing, whereof a copy is annexed to the declaration, be referred to in the body of the pleading as so annexed, the copy shall cure any defect by reason of the insufficient setting forth of the same in the body of the pleading. Whether a judgment is such a writing as comes within the purview of this section is a question not now raised, for the declaration before us does not refer to the judgment record as annexed, and in the absence of such a reference it is

well settled that a bill of particulars is no part of the pleading, and resort cannot be had to it for the purpose either of enlarging or limiting the averments of the pleading. *Harrison* v. *Vreeland,* 9 *Vroom* 366; *Brown* v. *Warden,* 15 *Id.* 177; *Metzger* v. *Credit System Co.,* 30 *Id.* 340; *Snyder* v. *Merchants Insurance Co., Id.* 69; *Voorhees* v. *Barr, Id.* 123; *Melick* v. *Foster,* 35 *Id.* 394.

Among other pleas filed by the defendant is one setting up "that he was not served with process in the suit, if any there were, in which the said judgment, if any there be, was obtained; that he did not appear to said suit in person or by attorney, and that he was not resident nor present within the jurisdiction of the court in which the said judgment was rendered at any time pending the said suit or when judgment was rendered therein."

To this plea the plaintiff replies "that the said judgment was duly entered without suit, by confession, according to the laws of the State of Pennsylvania, under and by virtue of a power of attorney upon a certain promissory note made by the defendant to the plaintiff, and to be performed in that state in manner and form as follows;" and the replication then sets forth in full the promissory note in question, included in the body of which is an authorization for any attorney of any court of record of Pennsylvania or elsewhere to appear for the defendant and enter judgment against him for the sum specified in the note, with costs of suit, with or without declaration, and with release of errors.

To this replication defendant has interposed a general demurrer, upon the ground that a judgment *in personam* is without force or effect if it appear that the defendant was not served with process in the action wherein the judgment was rendered, did not appear therein, and was not within the jurisdiction of the court. But the replication avers that the judgment now in question was duly entered without suit, by confession, in accordance with the laws of the State of Pennsylvania and under and by virtue of the power of attorney that is set forth in the replication. As this instrument authorized any attorney to appear for the defendant and enter

judgment against him, the replication as a whole sufficiently avers that the judgment was duly entered by an attorney under the authority thus conferred.

The defendant relies upon the case of *Grover & Baker Co. v. Radcliffe,* 137 *U. S.* 287. But in that case it appeared that the bond and warrant authorized any attorney to enter the judgment, and it appeared that the judgment was entered against him in Pennsylvania by the prothonotary, without service of process or appearance in person or by attorney, under a local law permitting that to be done. The question under consideration, therefore, was not whether the power of attorney authorized any attorney to make the appearance, but whether it authorized the judgment to be entered without such appearance. That is a very different case from the present, for the averments of the replication now under criticism include a statement that the attorney appeared. If any inference to the contrary can be drawn from what appears upon the transcript of judgment as contained in the bill of particulars, the point can only be taken upon the trial, for the reason already given. A rejoinder in proper form, denying that an attorney appeared for the defendant, or containing other averments appropriate to the facts of the case, would enable the defendant to present the defence relied upon if there be doubt of his right to do so under the plea of *nul tiel record* that has already been filed.

The defendant further insists that because the warrant of attorney for confessing judgment was included in the body of the promissory note the warrant of attorney was void under section 1 of our "Act directing the mode of entering judgments on bonds with warrants of attorney to confess judgments." *Gen. Stat., p.* 172. But in the case of *Hendrickson v. Fries,* 16 *Vroom* 555, the Court of Errors and Appeals held, that since under our constitution the title of a statute is not only an indication of the legislative intent, but is also a limitation upon the enacting part of the law, it follows that this act has no effect with respect to any object that is not expressed in the title, and must be construed to be a mere regulation of the practice in our own courts. It was there-

fore held that the act in question did not prohibit the making in this state of a valid power of attorney for use in other states, although it may be embodied in a bill or other instrument for the payment of money, but only prohibited the use of such a power of attorney in the entry of a judgment in the courts of this state.

The position of the present defendant is certainly not strengthened by the fact that the power of attorney here in question does not appear to have been made in New Jersey. It will be presumed to be valid until the contrary appear.

The plaintiff is entitled to judgment on the demurrer.