NOVEMBER TERM, 1909.        717

*49 Vroom.* Musconetcong Iron Works v. D., L., &c., R. R. Co.

THE MUSCONETCONG IRON WORKS, PLAINTIFF IN ERROR,
    v. THE DELAWARE, LACKAWANNA AND WESTERN
    RAILROAD COMPANY, DEFENDANT IN ERROR.

Argued December 6, 1909—Decided June 20, 1910.

1. The enunciation of the constituents of equitable estoppel in *Central Railroad Co.* v. *MacCartney,* 39 *Vroom* 165, 175, approved.
2. A person induced by false representations to do an act which it was his duty to do, cannot be heard to say that he was prejudiced by such false representations.

On error to the Supreme Court.

For the plaintiff in error, *Vreeland, King, Wilson & Lindabury.*

For the defendant in error, *Max M. Stallman.*

The opinion of the court was delivered by

VOORHEES, J.   This is a writ of error running to the Supreme Court to remove a judgment entered in favor of the defendant.   The case was tried by the court without a jury upon an agreed state of facts.   The declaration sets out that the defendant was a common carrier and that the plaintiff, on the 14th day of February, 1907, at the Hoboken terminal of the defendant, caused to be delivered to the defendant as such carrier five cars of iron ore containing two hundred and sixty thousand two hundred pounds, to be carried by defendant to Netcong and delivered to the plaintiff, and although the defendant received the goods for the purpose, yet has not taken care of them or delivered them to the plaintiff, whereby the goods were lost.

The state of the case shows that there was a contract between the plaintiff and Naylor & Company for the purchase of ore; that the ore mentioned in the contract was delivered by steamship "Bellerby" at the Hoboken terminal "where said vessel could be unloaded direct into the cars of the defend-

718    COURT OF ERRORS AND APPEALS.

Musconetcong Iron Works v. D., L., &c., R. R. Co. 78 N. J. L.

ant;" that a portion of the purchase price of the ore under the contract was paid by the plaintiff to Naylor on February 5th, 1907. It seems that on the 2d day of March, 1907, the railroad agent exhibited to the plaintiff's agent the "billing records" in the defendant's freight office at Netcong, showing the car numbers mentioned in the declaration as being consigned to the plaintiff with the weights and contents as mentioned in the plaintiff's declaration; that on the 20th day of March freight bills were issued by the defendant to the plaintiff for the freight for these same cars and numbers; that these freight bills were received from the defendant by the plaintiff on the 20th of March. Section 8 of the state of the case, however, alleges two dates as the receipt of this bill by the plaintiff, namely, the 20th of March and the 28th of March. It appears that no bill of lading was issued by the defendant for the five cars in question, and that said five cars were not in fact loaded with the ore in question and were not delivered by the defendant to the plaintiff. The amount of ore short was eighty-three and one-half tons, valued at $392.03, and the freight paid to the defendant on them amounted to $37.13, which are the amounts sued for. After the inspection of the "billing records" by the plaintiff's agent on March 2d the plaintiff paid, on March 4th, 1907, to Naylor & Company, the balance due for the ore as per bill rendered.

The only question submitted and argued was that of estoppel. The ground of decision will therefore be confined to that aspect of the case.

The plaintiff claims an estoppel arising out of the fact that defendant's "billing records" showed that the five cars had been consigned to the plaintiff, stating car numbers and contents, and that after such record had been so inspected by its agent the plaintiff thereby was induced to pay to Naylor & Company the balance due for the ore. It is evident that the elements of an estoppel are not here present.

In *Central Railroad Co.* v. *MacCartney, 39 Vroom* 165, 175, in an opinion by the present Chancellor, the essential elements which must unite in order to create an equitable estoppel by conduct were formulated substantially as follows:

*First.* The party against whom the estoppel is urged must have made a representation or concealment of material facts inconsistent with the facts forming the basis of his present claim.

*Second.* Knowing such facts to be otherwise than as represented, or except for gross negligence would have been known.

*Third.* That such representation must have been made with intent to influence the conduct of another or else under such circumstances that a reasonably prudent man would suppose it was intended to be acted upon.

*Fourth.* That the party to whom the representation was made was ignorant of the facts without convenient opportunity to ascertain them.

*Fifth.* That there was, in good faith, a reliance upon the representation whereby the person deceived was induced to adopt a course of conduct prejudicial to himself if the other party be permitted to repudiate the representation.

This succinct enunciation in the case cited, of the constituents of equitable estoppel, is approved.

The misrepresentation relied upon in the present case is contained in the "billing records" of the defendant. For aught that appears they were never published, or intended by the defendant to come to the knowledge of the plaintiff. There is no proof that they were put forth with intent to influence the conduct of the plaintiff.

But aside from these considerations, and conceding the representations to have been made for the purpose of influencing the plaintiff's action, it does not appear that its conduct was influenced by them to its prejudice. The act of the plaintiff induced thereby was the payment of the balance due for the ore. But such payment was not to its detriment. The delivery of the property by Naylor & Company at Hoboken was in fulfillment of their contract, so that the plaintiff's liability to pay thus became fixed irrespective of whether the ore was lost by the defendant or not.

Therefore the payment to Naylor & Company could not have been avoided, and was not dependent upon the delivery

of the ore by the railroad company to the plaintiff. No prejudicial action was induced by the representation though the plaintiff had properly relied upon it.

The plaintiff cannot urge that it was not bound by the terms of its contract with Naylor & Company, but made the payment because of the contents of the defendant's billing records.

A person induced by false representations to do an act which it was his duty to do, cannot be heard to say that he was prejudiced by such false representations.

But it is said that the railroad company charged and collected the freight. There was no representation that such charge had been made at the time of the exhibition of the billing record. Indeed, the freight bill was not received by the plaintiff until from sixteen to twenty-four days after the last payment had been made to Naylor & Company.

It is not perceived that the plaintiff has been misled to its prejudice, therefore the judgment must be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 14.

*For reversal*—None.