CHARLES MUHLENBECK, APPELLANT, v. TOWN OF WEST HOBOKEN, IN THE COUNTY OF HUDSON, RESPONDENT.

Argued July 9, 1923—Decided November 20, 1923.

Plaintiff was elected collector of taxes of the town of West Hoboken, and his salary having been fixed by ordinance at $4,000 per annum, and he having been paid $2,750, brought suit for the balance of the yearly salary. At the trial, the defense interposed was that plaintiff had rendered monthly bills for $250 in full satisfaction of his salary under an agreement with the town that he would accept $3,000 per annum in lieu of the salary fixed by ordinance. No contract was offered in evidence, nor was there proof of any resolution or other municipal action which could be construed as an acceptance of the alleged contract for a reduced salary. The trial court granted a nonsuit on the theory that a contract existed, and that plaintiff's conduct in sending vouchers for the reduced amount was a waiver of his right to exact more than the amount of such vouchers. *Held,* that the doctrine of estoppel could not be invoked, because neither pleaded nor made a ground for nonsuit, and that the question of waiver should at least have been left to the jury, if the court was not required, in the absence of legal proof of a waiver, to direct a verdict for the plaintiff

On appeal from the Hudson County Circuit Court.

For the appellant, *Harlan Besson.*

For the respondent, *Edward C. Gunther* and *Abram C. Safyer.*

The opinion of the court was delivered by

MINTURN, J.   The trial court, upon the following state of facts, directed a judgment of nonsuit against the plaintiff, from which he appeals. He was duly elected collector of taxes of the town in November, 1920, and thereafter duly qualified and performed the duties of the office during his term. Prior to his election, and during his entire service for the year 1921, the ordinance of the town fixed his salary

at $4,000 per annum, of which sum he has been paid $2,750, leaving a balance of $916.63 due to him for the period from January 1st, 1921, to December 1st, 1921, inclusive, as well as the entire salary of $333.33 for the month of December, 1921.

The defense interposed was that the plaintiff, during the period mentioned, had sent in bills to the town council for $250, during each recurring month, in full satisfaction of his salary claim, in accordance with an agreement which he entered into with the town, or its representatives, that he would accept $3,000 per annum in lieu of his legal salary during his term of office, which sum has been paid to him, leaving only the alleged reduced December salary due to him.

Under the provisions of article 13, section 6 of the Home Rule act (*Pamph. L.* 1917, *p.* 352), such a contract, if entered into, would be valid. But the difficulty here is that no such contract was offered in evidence; nor does it appear that any resolution was passed or other formal municipal action taken which can be construed as an acceptance or recognition of any such contractual status by the plaintiff. The record shows only some discussion with some of the town council members, whereby the plaintiff was induced to send in monthly vouchers for his salary at the reduced figure, upon some tacit assurance or understanding with them that the difference in salary would be made up to the plaintiff later.

If the insistance in this situation were that by this action the plaintiff had estopped himself from claiming more than the reduced sum thus conceded, the palpable answer is that no such defense was pleaded, nor was it made a ground for nonsuit, and therefore it cannot be availed of here. *Titus* v. *Pennsylvania Railroad Co.,* 87 *N. J. L.* 157.

The basis for the nonsuit was the theory of a contract, and a waiver evolved from the plaintiff's conduct in sending in the voucher for the reduced amount, under the principle exploited in *Love* v. *Jersey City,* 40 *N. J. L.* 456. That case, however, is entirely distinct in essentials, since the city under legislative authority, by ordinance, reduced the salary

of the collector, who was an appointive officer, which legislative and municipal action legally fixed the financial status of the official, and his acceptance of the reduced legal salary was held to be tantamount to a waiver of any excess. No such legal action, as we have observed, was taken here, and, therefore, the question at issue at least became one of fact for the jury to determine, or in the absence of competent legal proof of a waiver, tantamount to a contract, the plaintiff's right to recover the unpaid salary may be accepted as legally established.

The judgment will be reversed.

*For affirmance*—PARKER, KALISCH, JJ.    2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, GARDNER, ACKERSON, VAN BUSKIRK, JJ.    11.