POLISH HOME BUILDING AND LOAN ASSOCIATION OF NEWARK, NEW JERSEY, A CORPORATION, PLAINTIFF-APPELLANT, v. DORA BURINEFSKY AND LOUIS BURINEFSKY, HER HUSBAND, AND GEORGE J. BUREN, DEFENDANTS-RESPONDENTS.

Submitted May 28, 1937—Decided September 22, 1937.

For the appellant, *Rospond & Rospond* (*J. Thaddeus Rospond*, of counsel).

For the respondent George J. Buren, *Lionel P. Kristeller.*

For the respondents Dora and Louis Burinefsky, *Saul J. Zucker.*

PER CURIAM.

Appellant, plaintiff below, instituted suit in the Supreme Court, Essex Circuit, for the recovery of a deficiency judgment after foreclosure of mortgage. Defendant below set up by way of defense the failure of plaintiff in the foreclosure action to join a month to month tenant of the premises as a party defendant therein. Plaintiff sought to avoid this defense on the theory that the month to month tenancy constituted a series of independent, successive and recurring tenancies and any such monthly tenancy occurring after the filing of the *lis pendens* was cut off by the foreclosure sale without the holder of such tenancy being a party defendant to the action and, secondly, that the interest of such tenant was superior to that of the mortgagee by reason of the fact

that, under *Pamph. L.* 1933, *p.* 1304, commonly called the Stout act, the local tax collector had been appointed receiver of the rents and income of the premises, payment of taxes thereon being delinquent. This latter point is sought to be justified on the theory that the tax lien being superior to the mortgage lien, the interest of the tenant is superior to the interest of the mortgagee because derived from and through the "Tax Receiver," notwithstanding that the tenant was in possession under the mortgagor prior to the appointment of such receiver of rents and income by the Chancery Court.

It is also argued that because of the appointment of the "Tax Receiver" it would have been a futility and a contempt of the Court of Chancery to join the tenant as a party defendant in the foreclosure action. It is concluded by appellant, therefore, that the mortgage security and the interest of the tenant therein was in fact completely exhausted in the foreclosure action.

These contentions of appellant are so obviously based upon a misapprehension of the suggested legal principles that they require no treatment here. The authorities cited by appellant in no manner support the argument made.

The court below correctly decided that the case of *American-Italian Building and Loan* v. *Liotta,* 117 *N. J. L.* 467, was controlling and granted the motion of defendants below for a direction of verdict in favor of defendants and against the plaintiff and judgment entered accordingly.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.

*For reversal*—None.