Complainant Stratford Building and Loan Association is the plaintiff in an action at law against the defendant George J. Wagner for the deficiency on his mortgage bond. Defendant has answered in the circuit court that complainant failed to join as parties in the foreclosure suit certain lessees of the mortgagee in possession. This seems to be a good defense at law under the rule of American-Italian Building and Loan Association v.Liotta, 117 N.J. Law 467, unless, perhaps, Chancery act, section 58, Comp. Stat. p. 432, affects the case. Complainant petitions this court to enjoin Wagner from urging that defense in the deficiency action. The facts on which complainant relies are these:
The mortgaged property was sold by the sheriff on fierifacias in the foreclosure suit to the complainant for $100. Wagner thereupon filed objections to confirmation and also *Page 453 
a petition, in which he alleged among other things that the premises on the day of the sale were worth between $27,000 and $30,000, and that confirmation of the sale would subject him to liability of a deficiency judgment in excess of $27,170, namely, the amount of the decree less $100, and he prayed that the sale be set aside and that he might have such further relief as seemed proper.
When the defendant's objections to confirmation and petition came on to be heard, complainant offered to credit on the bond $20,000 which it asserted was the fair value of the premises. This figure was not satisfactory to defendant and on his motion leave was given the parties to take depositions as to the value of the foreclosed premises, which value to be determined by this court should be credited on defendant's bond as a condition to confirmation of the sale. The depositions were taken and the matter argued, and the court, upon consideration, found the value of the property to be $21,500. An order was thereupon entered that the sheriff's sale be confirmed "and that the value of the whole property sold by the sheriff to the complainant in partial satisfaction of the complainant's decree, be and the same is hereby determined to be $21,500, which said sum or value the complainant is directed to credit upon the bond of the defendants; and it is further ordered that the defendant's petition be and the same is hereby dismissed." Complainant seeks judgment in the circuit court for the deficiency remaining after giving credit for $21,500.
It was not suggested either in the depositions to which I have referred or in the argument thereon, that the tenancies in the mortgaged premises lessened the market value of the property. The value, fixed by the court and credited on the bond was the whole fair market value of the mortgaged premises and not the market value reduced by reason of existing tenancies.
Defendant's answer to the law suit depends on the Mortgage act of 1880 (Comp. Stat. p. 3421), as amended, which requires that the creditor shall first foreclose the mortgage before suing on the bond. This statute was enacted to benefit *Page 454 
the debtor, by assuring that there should be credited on his bond the value of the mortgaged property; it assumes that the credit shall be determined by the foreclosure sale. In order that the debtor may have the full advantage of the statute, the foreclosure must be such as will result in a complete exhaustion of the property and of all interest therein. Delivery of possession is normally essential to the transfer of a good title and a vendee may reject title not accompanied by immediate possession unless the agreement be otherwise. An existing tenancy not cut off by foreclosure may deter bidders. For these reasons, the court of errors and appeals has held that lessees must be joined as defendants in the foreclosure suit and that this is a condition precedent to the right to proceed on the bond.American Building and Loan Association v. Liotta, supra.
But this rule does not apply except when the deficiency is calculated from the foreclosure sale, for otherwise the debtor is not affected by the joinder or non-joinder of tenants. The mortgage creditor is not always obliged to foreclose before suing on the bond — for instance, when his mortgage has been cut off by the foreclosure of a prior lien, or when, by agreement between the parties, the premises have been sold free of the mortgage and the proceeds applied to the payment thereof. Franklin Loan, c.,Association v. Richman, 65 N.J. Law 526. In the case before me, Wagner has received the benefit which the legislature intended he should have, namely, a credit for the full value of the mortgaged property. The deficiency has been fixed, not by the foreclosure sale, but by the court. On Wagner's motion, the value was determined and the credit given. He could, of course, have rested on the sheriff's sale; but he elected not to do so. He should not now be permitted to assert in the law court complainant's failure to join the tenants in the foreclosure suit.
The petition of the building and loan association will be granted. *Page 455