Atlantic County Circuit Court.

GUARANTEE TRUST COMPANY, SUBSTITUTED TRUSTEE U/W SOPHIA BEW, DECEASED, FOR JOHN LEE DUNLAP, SECOND, AND THOMAS GREEN DUNLAP, Jr., PLAINTIFF, v. JACOB HOFFMAN, DEFENDANT.

Decided May 20, 1938.

For the plaintiff, *Cole & Cole.*

For the defendant, *William Charlton.*

Jayne, C. C. J.   This action was instituted to recover the deficiency alleged to be owing to the plaintiff on the bond of the defendant. The concomitant mortgage was previously foreclosed. The answer of the defendant avers that in the prosecution of the suit to foreclose the mortgage, this plaintiff, as mortgagee, failed to make certain tenants of the mortgaged premises parties. *Guardian Life Insurance Co.* v. *Lowenthal,* 13 *N. J. Mis. R.* 849; 181 *Atl. Rep.* 897; *American-Italian Building and Loan Association* v. *Liotta,* 117 *N. J. L.* 467; 189 *Atl. Rep.* 118; *Polish Home Building and Loan Association* v. *Burinefsky,* 119 *N. J. L.* 1; 194 *Atl. Rep.* 140.

The reply of the plaintiff, in addition to a general denial of the material averments of the answer, embodies the following allegations: "Further answering the defenses, plaintiff says that: 1. Before the filing of the bill to foreclose it inquired of the defendant as to who were in the occupancy of the mortgaged premises, and he informed the plaintiff the only person in occupancy and possession was his mother, who was made a party to the foreclosure bill.

2. A few days before the time for filing of answer to the bill to foreclose expired, the plaintiff through its representative visited the mortgaged premises and found only Rose Hoffman in possession and inquired of her who if anyone else was in possession or occupancy, and he was told that she alone was occupying the premises, and the plaintiff relied upon this as being true, and alleges that it was true."

The present motion draws in question the legal substantiality of these paragraphs of the reply. The reason assigned in support of the motion to strike them is that they are frivolous. An affidavit has been submitted tending to prove that the factual matters alleged are false and untrue. However, these allegations of the reply are not challenged as sham. Every notice of any motion addressed to a pleading shall specify the grounds thereof. Supreme Court rule 43.

At the common law frivolous pleadings were those which were obviously and grossly insufficient, idle and frivolous. *Hogencamp* v. *Ackerman and Brown*, 24 *N. J. L.* 133, 137. There is, of course, a clear distinction between a sham and a frivolous pleading. A frivolous pleading is always assumed to be true, while a sham pleading must be admitted or conclusively proved to be false. *Sculthorpe* v. *Commonwealth Cas. Co.*, 98 *Id.* 845, 847; 121 *Atl. Rep.* 751. A frivolous pleading is one which on its face is legally unsubstantial, assuming its averments of fact to be true. *Milberg* v. *Keulhe*, 98 *N. J. L.* 779; 121 *Atl. Rep.* 713; *National Surety Co.* v. *Mulligan*, 105 *N. J. L.* 336; 146 *Atl. Rep.* 372. In modern practice a pleading is occasionally attacked by the contention that its allegations of fact are false and, even if assumed to be true, the pleading is legally insufficient. The

ground or grounds of the motion must, however, be specifically stated in the notice.

In actions to recover an alleged deficiency on a bond and mortgage, the mere circumstance that the plaintiff in the foreclosure of the mortgage failed to make tenants of the mortgaged premises parties to the foreclosure suit, does not necessarily preclude the plaintiff in all circumstances from recovering the deficiency. See *Harvester Building and Loan Association* v. *Elbaum*, 119 *N. J. L.* 437; 196 *Atl. Rep.* 709; *Stratford Building and Loan Association* v. *Wagner*, 122 *N. J. Eq.* 452; 194 *Atl. Rep.* 440; *Franklin Loan and Building Association* v. *Richman*, 65 *N. J. L.* 526; 47 *Atl. Rep.* 426.

Moreover, the statutory provision requiring the foreclosure of the mortgage as the initial step in the proceeding for the collection of the debt has been regarded as a personal privilege and it has been held that the statutory requirement is not designed to secure any object of public policy. Thus a party may waive his privilege under the statute. *Quick* v. *Corlies*, 39 *N. J. L.* 11; *Hellyer* v. *Baldwin*, 53 *Id.* 141; 20 *Atl. Rep.* 1080; *Van Aken* v. *Tice*, 60 *N. J. L.* 377; 38 *Atl. Rep.* 20; *Crosby* v. *Washburn*, 66 *N. J. L.* 494; 49 *Atl. Rep.* 455; *Andrus* v. *Burke*, 61 *N. J. Eq.* 297; 48 *Atl. Rep.* 228; *Callan* v. *Bodine*, 81 *N. J. L.* 240, 243; 79 *Atl. Rep.* 1057.

Then, moreover, it would seem that a mortgagor and obligor on the bond might make such misrepresentations concerning those having leasehold interests in the mortgaged premises under him and pursue such a course of conduct in this regard as to be estopped from subsequently asserting in an action on the bond that leasehold estates which he presented did not exist, were not extinguished by the foreclosure of the mortgage. To create such an estoppel, however, it should be made to appear that the defendant obligor made a representation or concealment of the material facts inconsistent with the facts now asserted in his defense, knowing such facts to be otherwise than as represented. The representation must have been made with an intent to influence the conduct of the

mortgagee in the foreclosure of the mortgage or have been made under such circumstances that a reasonably prudent man would suppose that the representation was intended to be acted upon by the mortgagee. Additionally, it must appear that the mortgagee to whom the representation was made was ignorant of the facts and without reasonable opportunity to otherwise ascertain them. It is also essential to prove that there was, in good faith, a reliance upon the representation whereby the mortgagee was induced to adopt a course of conduct in the prosecution of the foreclosure suit which is prejudicial if the mortgagor and obligor now be permitted to repudiate the representation. Subjecting to this test the allegations of the reply to which the present motion is addressed, it is at once observed that all of the essential elements constituting an equitable estoppel are not averred.

Estoppel is cognizable at common law either as a defense to a cause of action or to avoid a defense. At the common law an estoppel *in pais* need not be pleaded but is available under the general issue. 21 *C. J.* 1241. Where, however, estoppel *in pais* was relied upon to avoid a defense averred in a special plea, the better practice required that the estoppel be likewise specially pleaded. 21 *C. J.* 1244. Our own rules of pleading direct that an answer shall specially state any defense which is consistent with the truth of the material allegations of the complaint and any defense which, if not stated, would be likely to cause surprise, or would raise issues not arising out of the complaint. Supreme Court rule 58. The rules respecting the form and manner of pleading in the answer apply to a replication or reply. Supreme Court rule 70. See, also, *Muhlenbeck* v. *West Hoboken,* 99 *N. J. L.* 198; 122 *Atl. Rep.* 804; *Scrymser* v. *Seabright Electric Co.,* 74 *N. J. Eq.* 587, 589; 70 *Atl. Rep.* 977.

The facts stated in the one or the other or both of these paragraphs of the reply are not sufficient to estop the defendant from asserting the defense averred in his special plea. The averments of the reply here under consideration fall short of alleging actual fraud or a definite understanding between the parties that the representations so made should be

accepted and exclusively relied and acted upon by the plaintiff. They likewise fail to allege the essential elements of estoppel under the general doctrine. *Central Railroad Co.* v. *MacCartney,* 68 *N. J. L.* 165; 52 *Atl. Rep.* 575; *Musconetcong Iron Works* v. *Delaware, Lackawanna and Western Railroad Co.,* 78 *N. J. L.* 717; 76 *Atl. Rep.* 971; *Vineland* v. *Fowler Waste Manufacturing Co.,* 86 *N. J. L.* 342; 90 *Atl. Rep.* 1054; *Briscoe* v. *O'Connor,* 119 *N. J. Eq.* 378, 384; 182 *Atl. Rep.* 855. Counsel for the plaintiff does not point out in what respect these paragraphs of the reply are otherwise legally sufficient to avoid the defense pleaded in the answer.

A rule may be presented striking out these allegations of the reply as frivolous with leave granted the plaintiff to amend the reply if desired.