CAMDEN CITY DISTRICT COURT.

GOTHAM CREDIT CORPORATION, PLAINTIFF, v. NELLIE POWELL AND CONNIE SOKALSKI, DEFENDANTS.

Decided July 18, 1944.

For the plaintiff, *Joseph L. Kramer.*

For the defendant Connie Sokalski, *Benjamin Asbell.*

For Nellie Powell, *Edward A. Tanski.*

MARTINO, D. C. J.   On November 13th, 1942, plaintiff recovered a judgment in the Court of Common Pleas No. 6,

for the County of Philadelphia, in the State of Pennsylvania, against both defendants. The judgment was based upon a warrant to confess judgment executed by the defendants in the State of New Jersey. The warrant to confess judgment was part of a note which was executed by the defendants, and the warrant to confess judgment contained the following provision:

"The makers jointly and severally hereby constitute and appoint the attorney for the payee herein or the holder of this note or any attorney of any Court of Record of the State of Pennsylvania or elsewhere, their true and lawful attorney, for them and in their names and stead to appear for and to enter judgment against them, or any of them, for the above sum, with or without declaration filed, with costs of suit, release of errors, without stay of execution; and we also waive the right of inquisition on any real estate that may be levied upon to collect this note, and do hereby voluntarily condemn the same, and authorize the Prothonotary to enter upon the *Fi. Fa.,* our said voluntary condemnation, and we further agree that said real estate may be sold on a *Fi. Fa.,* and we also waive and release all benefit of relief from any and all appraisement, stay, or exemption laws of the State of Pennsylvania, or any other state and of the United States now in force, or hereafter to be passed in so far as the same can be waived by us."

The defendants contend that judgment was improperly entered in the State of Pennsylvania. At the time of the trial counsel for defendants made much of the fact that since the warrant of attorney to confess judgment was included in the body of the note it was void under the laws of the State of New Jersey. *R. S.* 2:27–266; *N. J. S. A.* 2:27–266. The defendants therefore felt that since the warrant of attorney to confess judgment was void in the State of New Jersey where it was executed the judgment obtained therefrom was not entitled to full faith and credit by the courts of this state. This raises the question whether a judgment entered without process or appearance but entered in conformity with the authority given by a warrant of attorney executed by the defendants confers jurisdiction upon a court to enter a judg-

ment which is unassailable collaterally in both domestic and foreign jurisdictions. The practice of empowering an attorney to appear and confess judgment is a part of the common law procedure. 3 *Bl. Comm.* 397.

In construing the statute which is now recognized as 2 :27–266, our highest court has held that this statute must be construed to be a mere regulation of the practice in our own courts. The legislature did not intend to prohibit the making in this state of warrants of attorney for use in other states which are in the form that is legal in their courts, for it placed the prohibition on this form of warrants of attorney in an act purporting by its title to regulate the mode of entering judgments which cannot have any extra territorial force. *Hendrickson* v. *Fries,* 45 *N. J. L.* 555. Courts have repeatedly held that the right to have a suit commence by process is a personal privilege that may be waived by the debtor. *Crosby* v. *Washburn,* 66 *Id.* 494; 49 *Atl. Rep.* 455; nor can it be denied that the warrant of attorney authorizing another to appear and enter judgment without process is a waiver of such right—*Hazel* v. *Jacobs,* 78 *N. J. L.* 459; 75 *Atl. Rep.* 903. The courts of this state have recognized the conclusive character of foreign judgments entered without process but upon the authorization of a warrant of attorney to appear for the defendant. *Hendrickson* v. *Fries, supra; Shelmerdine* v. *Lippincott,* 69 *N. J. L.* 82; 54 *Atl. Rep.* 237.

Since the trial, counsel for defendants contend that the judgment was not entered in the State of Pennsylvania according to the authorization signed by the defendants at the time the note which contained the warrant to confess judgment was executed. Counsel for defendants lay much stress on the case of *Grover and Baker Sewing Machine Co.* v. *Radcliff* (*U. S. Supreme Court,* 1860), 137 *U. S.* 287; 11 *S. Ct.* 92, where a judgment was entered by a prothonotary of the State of Pennsylvania, without the appearance of an attorney of any court of record when the authorization expressly provided that "any attorney of any court of record in the State of New York, or any other state, to confess judgment against him (us) for the said sum with release of error, &c." The United States Supreme Court held that since the

"record [judgment] did not show, nor is it contended that he was served with process or voluntarily appeared or that judgment was confessed by an attorney of any court of record of Pennsylvania," the judgment was invalid.

In the case at hand the exemplified copy of the judgment record of the State of Pennsylvania shows that on November 12th, 1942, "upon motion of one Harry R. Back, Esquire, attorney for the plaintiff" Judge Flood ordered and directed the prothonotary of Philadelphia County to enter judgment on the warrant to confess. Counsel for the defendants contend that the failure of an attorney to appear for the defendants makes the judgment defective. With this contention I do not agree. The warrant to confess judgment expressly provided that "the makers jointly and severally hereby constitute and appoint the attorney for the payee herein * * * their true and lawful attorney for them * * * to enter judgment against them, &c."

Judgment is therefore entered on behalf of the plaintiff and against the defendants together with interest and costs.