SAVOY SILK MANUFACTURING COMPANY, A CORPORA-
TION, APPELLANT, v. ROYAL PIECE DYE WORKS, A
CORPORATION, RESPONDENT.

Submitted May 28, 1926—Decided October 18, 1926.

To bind a corporation by the act of an officer or agent it must be
shown that such officer or agent had the power to do the act
conferred upon him by the charter, by-laws, or corporate action
of its stockholders or board of directors of the corporation, or
that the power to do the act can be implied from the powers
expressly conferred, or which are incidental thereto, or that the
act is within the apparent powers which the corporation has
caused those with whom the officer or agent has dealt to believe
the corporation has conferred upon the officer or agent.

On appeal from the Passaic County Circuit Court.

For the appellant, *Stein & Stein* (*Benjamin L. Stein,* of
counsel).

For the respondent, *Wayne Dumont* (*William V. Rosen-
krans,* of counsel).

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal by the Savoy Silk Manu-
facturing Company, the plaintiff below (hereinafter referred
to as the plaintiff), from a judgment of the Passaic County
Circuit Court. The judgment was directed by the trial judge
to be entered in favor of the Royal Piece Dye Works, the
defendant below (hereinafter referred to as the defendant),
at the conclusion of the testimony. The action was one in
replevin to recover fifty-six pieces of silk in the possession
of the defendant. The plaintiff had delivered the silk to the
defendant to dye. The defendant, for the work which it had
done, had a statutory lien upon the silk for $4,267.38. The
plaintiff became financially embarassed and asked its credi-
tors to meet for the purpose of considering what was the best
course to be taken under the condition which confronted it.

The defendant was invited to attend the meeting. Its general manager, Mr. Lingenberg, was unable to attend the meeting, and directed Mr. Wiley, a bookkeeper, to attend and report to him what had transpired, and what proposition, if any, was made by the plaintiff. The defendant's version of what occurred is that Mr. Wiley signed at the meeting a composition agreement (hereinafter called the agreement) to accept a twenty-five per cent. settlement under the belief that the settlement only applied to the balance of the defendant's claim after deducting from its claim the value of the silk. Mr. Wiley testified that he had said at the meeting that he would make an effort to have his company verify the settlement. He also told those present that he was not an officer of the company. Upon being asked if he did not think he could put the settlement over he replied that he would try to do so.

Upon learning the following day what had transpired, Mr. Lingenberg wrote a letter to the plaintiff advising it that Mr. Wiley was not given authority to sign the agreement and his signature was not binding upon the corporation, and requesting the removal of the signature. The plaintiff, subsequently, tendered to the defendant a check for $1,050, being one-fourth of the amount of the defendant's claim, which was refused. The present replevin action was then instituted.

At the trial the lien of the defendant was not disputed. The plaintiff relied solely upon the alleged execution of the agreement to sustain its action. The plaintiff's testimony to support the authority of Mr. Wiley was that there were three creditors' meetings; that Mr. Wiley attended all three meetings; that at the second meeting those present were asked to go back, talk it over, and come to another meeting with authority to act; that Mr. Wiley came back to the third meeting and signed the agreement. The plaintiff also relied upon the fact that Mr. Wiley had attended creditors' meetings of other companies, and that in one instance had signed for the defendant a composition agreement. It was shown that this last-mentioned agreement was signed by Mr. Wiley by express authority from the defendant company. Upon

these facts the trial judge, as has been stated, directed a verdict in favor of the defendant.

The appellant under the exception taken to the directed verdict argues that the question of Mr. Wiley's agency should have been submitted to the jury. The insistence is that according to the plaintiff's testimony Mr. Wiley, at the second meeting, was asked to present the proposition to his principal and come back with authority to sign, and that afterwards he did sign, so that a jury would be entitled to infer that Mr. Wiley had been given authority to sign the agreement.

It is also contended that as Mr. Wiley had signed for the defendant a similar agreement in another matter, that this was evidence of a general agency in this regard. In our opinion the trial judge ruled properly in directing a verdict for the defendant. The lien of the defendant was admitted. The defendant could only be deprived of it if the agreement was binding upon it. It was incumbent upon the plaintiff to show that the agreement was signed by the defendant corporation by one who had authority to bind by his act the corporation. It was said in this court, in the case of *Aerial League of America* v. *Aircraft Fireproofing Corp.,* 97 *N. J. L.* 530:

"A corporation is bound by the act of an officer or agent only to the extent that the power to do the act has been conferred upon such officer or agent expressly by the charter, by-laws, or corporate action of its stockholders or board of directors, or can be implied from the powers expressly conferred, or which are incidental thereto, or where the act is within the apparent powers which the corporation has caused those with whom its officers or agents have dealt to believe it has conferred upon them."

Applying the law as thus stated to the facts of the present case, we find there is no evidence that Mr. Wiley had the power conferred upon him to execute the agreement by the charter, by-laws or corporate action of the defendant's stockholders or board of directors. As no power of any kind had been expressly conferred in such manner on Mr. Wiley, no power could be implied. The act of Mr. Wiley was not

within the apparent powers which the corporation had caused those with whom he had dealt to believe had been conferred upon him because he was a bookkeeper, and not an officer, and the only time he had signed an agreement was when he had been expressly authorized to do so. The fact that Mr. Wiley may have been asked to obtain authority to sign the agreement by an official of the plaintiff, and, subsequently, did sign it, is not evidence from which it can be inferred that he had authority to execute the agreement when he and officials of the defendant corporation testify that Mr. Wiley was not authorized to execute it. The fact that he had signed one creditors' agreement by express authority of the defendant is also not evidence of any general authority to act in such matters. In fact, it is quite conclusive evidence to the contrary.

The judgment in favor of the defendant is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 15.

*For reversal*—None.