15 N.J. Super. 271 (1951)
83 A.2d 312
FREDERIC B. CLARK, PLAINTIFF,
v.
UNITED STATES RUBBER COMPANY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided August 30, 1951.
*272 Messrs. Lindabury, Steelman & Lafferty, attorneys for plaintiff (Messrs. Eyre, Mann & Burrows, of the New York Bar, of counsel).
Messrs. Pitney, Hardin & Ward, attorneys for defendant.
GRIMSHAW, J.S.C.
In this action the plaintiff seeks an accounting for royalties arising from the sale of asbestos cloth under a contract between the parties, dated October 20, 1939. Defendant, alleging that the contract is no longer in existence, moves for summary judgment under the authority of Rule 3:56. There is no issue as to any material fact.
Plaintiff is the inventor of a process for treating asbestos cloth. On October 20, 1939, he executed with the defendant a contract which is set forth at length in the pleadings and need not be repeated. The contract had a two-fold purpose. Under its terms Clark gave to the defendant Rubber Company an option to acquire an exclusive license to use the invention of the plaintiff. And there were also set forth the terms and conditions under which the license agreement was to be effective if and when the option was taken up by the defendant.
The option provision of the contract was as follows:
"2. Clark grants to the Rubber Company the exclusive right and option to obtain a license from Clark in terms as hereinafter stated to utilize the above-described inventions, said option to be exercisable by the Rubber Company at any time between the time of execution of this agreement and the expiration of sixty (60) days after the giving of written notice by Clark to the Rubber Company of the issuance of such patent or patents accompanied by true copies thereof."
*273 The basic question raised by this motion is whether the defendant exercised its option and brought into being the license provisions of the contract.
Plaintiff secured a patent on November 25, 1941. Notification of the issuance of the patent was received by the defendant on November 26, 1941. Therefore, under the terms of the agreement, the period within which the defendant might exercise the option expired on January 26, 1942.
Defendant never notified plaintiff, either orally or in writing, that it desired to exercise the option. Nor, for that matter, did defendant ever inform Clark that it did not want the license. It did nothing.
Ordinarily the matter would end there. Plaintiff says, however, that certain letters sent to him by Walter C. Reich, assistant comptroller of the Rubber Company, constituted an exercise of the option and an acceptance of the license provisions of the agreement of October 20, 1939. The letters were sent to plaintiff every three months, beginning January 19, 1940, and ending October 9, 1950. With one exception, which need not concern us, the letters, save as to dates, were identical and were as follows:
"This is to advise you that we have made no sales of Asbestos Cloth for the period ending * * * as covered by the license agreement dated October 20, 1939."
Presumably the letters were sent in compliance with the terms of paragraph 10 of the contract. That paragraph obligated the defendant to send to the plaintiff quarter-annual reports of the amount of asbestos cloth sold during the option period. And it was further provided that if and when the option was exercised, the reports should continue during the life of the license.
Quite evidently Mr. Reich was not informed of the failure of the company to take action on the option and presumed that the license was in effect. But even if we give to the Reich letters the significance attached to them by the plaintiff, there is no proof that Reich was in a position to *274 bind the defendant company. In fact, the evidence is to the contrary. Mr. Reich, as assistant comptroller and later as assistant treasurer, was concerned only with the accounting department. He had no authority to commit the defendant to affirmative action. That responsibility was in the hands of other officers. This is fatal to plaintiff's contention. Savoy Silk Mfg. Co. v. Royal Piece Dye Works, 103 N.J.L. 137 (E. & A. 1926).
Nor is the defendant estopped from denying the present effectiveness of the contract. The record fails to show any concealment or misrepresentation of material facts. The terms of the contract were as well known to Mr. Clark as they were to the defendant. He knew there had been no formal exercise of the option. His negotiations with the defendant had been conducted with persons other than Mr. Reich, whom he had never met. If, therefore, Mr. Clark chose to ignore the contract terms and make unwarranted assumptions he did so at his peril. Musconetcong Iron Works v. D., L., &c., R.R. Co., 78 N.J.L. 717 (E. & A. 1909).
The motion for summary judgment will be granted.