GEORGE HOLMES v. THE SEASHORE ELECTRIC RAILWAY
COMPANY.

Suit on overdue interest coupons on coupon bonds secured by mortgage on
lands in this state.  *Held* that, under the act of March 23d, 1881, such
action will ·not lie until after foreclosure and sale of the mortgaged
premises.

On demurrer to plea.

Argued at February Term, 1894, before Justices VAN
SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff, *Randolph, Condict & Black.*

For the defendants, *Flavel McGee* and *Isaac C. Kennedy.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This suit is brought to recover the
amount due on eight hundred and twenty-two interest cou-
pons of $15 each, which had matured on bonds of the Sea-
shore Electric Railway Company held by the plaintiff.   The
fourth plea of the defendant company sets up that these cou-
pons were annexed to and were interest upon certain bonds
made by the defendant to the American Loan and Trust
Company as trustee, and payable to bearer; that this is the
claim upon which the plaintiff's declaration is founded, and
that said bonds are secured by a mortgage upon lands in the
county of Monmouth, in this state.

A copy of the coupon and of the bond is annexed ·to the
plaintiff's declaration, and to this the said fourth plea makes
reference.

The said plea further alleges that no proceedings have been
taken to foreclose the said mortgage, and that no suit can be

maintained to collect said coupons before the said mortgage is foreclosed.

To this plea the plaintiff has demurred.

The only ground of demurrer relied on by the plaintiff, and the only one argued before the court, is that the plaintiff is not bound to foreclose or cause the mortgage to be foreclosed before suit is brought upon the overdue coupons.

The question upon which the parties desire the judgment of the court will be considered without regard to the regularity of the mode in which it is presented.

By the terms of the bonds, upon failure to pay the interest coupons for the period of ninety days after the due day, the principal became due. The ninety days had elapsed before this suit was commenced.

The act of March 23d, 1881 (*Rev. Sup.*, *p.* 490, *pl.* 6), provides that, in all cases where a bond and mortgage has been given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the mortgage, and if the sale of the mortgaged premises shall not produce a sum sufficient to satisfy the claim, then it shall be lawful to sue on the bond for the deficiency.

The statute is comprehensive—it in terms applies to all cases. It is imperative that all proceedings to collect the debt shall be, first, to foreclose the mortgage securing it, and the further provision that it shall be lawful to proceed on the bond for the deficiency after sale of the mortgaged premises, by clear implication excludes the right to sue upon the bond before foreclosure.

The interest is part of the debt due on the bond and secured by the mortgage, and the suit for it is a proceeding to collect the debt before foreclosure, in contravention of the provisions of the statute.

After default for ninety days the principal became due.

The interest cannot be severed and regarded as no part of the debt. The only remedy of the plaintiff in the first instance is to foreclose.

If this suit would lie and the plaintiff recovered judgment, the question might be suggested whether he would have any remedy to recover the principal sum of the bonds. A recovery for part of an entire debt bars an after-suit for the balance.

The demurrer is overruled.