RICHARD A. SCHOELER, PLAINTIFF, v. CHANCERY LANE CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, AND CHARLES F. HILDEBRECHT, DEFENDANTS.

Decided July 25, 1932.

For the motions, *Katzenbach, Gildea & Rudner.*

Opposed, *Jacob Siegel.*

LAWRENCE, S. C. C. This is defendants' motion to strike the complaint filed in this suit, on the general ground that it does not set forth a cause of action—as to either defendant—and that, in any event, plaintiff has mistaken his supposed remedy and has no standing at this time in a court of law, so far as the matters set up in the complaint are concerned.

He is the holder of eleven first mortgage six per cent. guaranteed gold bonds, aggregating $4,600 in amount, part of an issue of $800,000, secured by a mortgage or trust deed executed by the defendant corporation on the Hotel Hildebrecht property at Trenton. Mr. Hildebrecht is made a party because he appears as guarantor on the bonds. Those of plaintiff fall due July 1st, 1938, but by reason of the failure of the corporation to pay the interest due, he claims the due date has been accelerated and that he now has the right to sue at law and recover judgment for principal and interest, although it appears that suit has been instituted in the Court of Chancery by the trustee for the bondholders generally to foreclose the mortgage and bring about a sale of the property covered thereby, in strict accordance with the provisions not only of the instrument but of the bonds as well.

Defendants urge that the present suit cannot be maintained by plaintiff because the entire bond issue and the trust mortgage are so interlocked and related that the remedy of the bondholders, in the first instance, is the foreclosure of the mortgage, and that a suit at law cannot, in the circumstances, be maintained by an individual bondholder before the conclusion thereof and a sale, by virtue thereof, of the property.

While the statute said to be applicable (3 *Comp. Stat., pp.* 3420, 3421) is invoked, stress is laid on the provision of the bonds and the mortgage that they are to be taken and considered together as parts of one and the same contract, each bond, with the interest coupon attached, to be subject to all the terms of the mortgage to the same extent as if the latter were fully set forth in the former. Since this is so, it is further argued that only in the event of a deficiency arising at a sale of the property, under the foreclosure proceeding, can a suit at law be brought on the bonds against the corporation and the guarantor, and then only to the extent of such deficiency.

Counsel for plaintiff urges, however, that the bonds and the mortgage are not of the ordinary type and that the statute recognized as applicable in the case of a so-called simple bond and mortgage does not apply; that the bonds in suit carry

no penal sum and on the face suggest a contract whereby the holder may sue at law in default of payment of either principal or interest as in the old action of debt and without regard to the mortgage. But it is apparent that this is not tenable.

The instruments evidencing the debt were manifestly prepared with meticulous care for the evident purpose, among others, of forestalling a contingency such as the present suit which if maintainable, would likewise be available to all bondholders, no matter how widely scattered they might be (as in fact they appear to be), and so swamp the corporation and the guarantor in litigation wholly unnecessary, if not indeed vexatious and uncalled for. The bonds and the mortgage were therefore made, by their terms, parts of one and the same contract and subject to enforcement through the medium of a trustee, in the first instance, by foreclosure and sale of the property involved, as in the ordinary case. They are in the usual form of corporate bonds and the accompanying mortgage or trust deed, commonly used in building operations, and are hedged about with the detailed and customary terms and provisions found in such documents. The motion to strike the complaint as to both defendants will be granted.