## GEORGE N. FLEMING, PLAINTIFF, v. SUSSEX CALCITE COMPANY, DEFENDANT.

Decided January 28, 1938.

For the plaintiff, *McDermott, Enright & Carpenter.*

For the defendant, *Walter J. Freund.*

SMITH, JOSEPH L., C. C. J. This comes on a motion to strike the answer filed, on the ground that it is sham and frivolous.

The action is for the recovery of the amount of certain coupons attached to bonds issued by the defendant, or its predecessor, and secured by a mortgage executed and delivered to the Montclair Trust Company of Montclair, as trustee. These coupons all became due on or before December 1st, 1930.

The answer set forth three lines of defense, namely: (1) That the plaintiff's claim is barred by the statute of limitations; (2) that the present action is premature in that the

mortgage securing the bonds has not been foreclosed; and (3) that a majority of the bondholders have not joined in the suit as required by the trust indenture. In addition to these three defenses to the merits of the plaintiff's claim, the answer further sets forth that the copy of the complaint served upon the defendant was not signed by the plaintiff or his attorney.

The plaintiff filed a reply wherein he reserved the right to move to strike out the answer, and the present motion is made pursuant to such reservation.

As to the alleged irregularity in the service of an unsigned copy of the complaint upon the defendant, this point is not properly raised in an answering pleading and should have been raised by a motion in the nature of a special demurrer.

Before going into the merits of the questions raised by the motion, it is necessary to dispose of a matter of procedure. The defendant contends that the plaintiff having filed a reply can no longer move to strike the answer, and for this, relies upon *Great American Indemnity Co.* v. *Gronowicz,* 6 *N. J. Mis. R.* 821. In that case Mr. Justice Katzenbach, denying plaintiff's motion to strike out the answer because plaintiff had filed a reply, stated:

"The case has been noticed for trial in the September term of the Middlesex Circuit, and when called, the plaintiff may make before the Circuit judge the present motion in accordance with the reservation stated in the reply."

It appears from this that the present motion, made in the Circuit Court, in accordance with the reservation stated in the reply, is proper.

While it is true that Supreme Court rule 30 gives the order in which pleadings and motions may be made, motions addressed to the pleadings have been permitted even after the filing of a pleading. Thus in *New Brunswick Motors, Inc.,* v. *Scott,* 114 *N. J. L.* 231, the defendant, after answering, was permitted to move to strike out the complaint. The case of Gronowicz, *supra,* was there discussed and differentiated, calling attention to Mr. Justice Katzenbach's statement that the motion although denied by him could be renewed at *nisi prius* when the case should be called.

According to rule 40, the point of law raised in the answering pleading may be disposed of not only at or after the trial, but the court on motion of either party may determine the question so raised before the trial.

Passing to the validity of the separate defenses raised in the answer, it is contended by the defendant that the plaintiff's claim is barred by the statute of limitations. In the case of *Lovett* v. *Lessler*, 99 *N. J. Eq.* 251, it is held that an action for an amount due on coupons annexed to the bond, is not barred by the statute of limitations until the principle debt itself is barred. The interest coupons attached and annexed to the bond are specialties governed by the same statute of limitations as the bond itself, a sealed instrument. *Prescott* v. *Williamsport*, 159 *Fed. Rep.* 244.

The next point argued is that the plaintiff, having failed to foreclose the mortgage pursuant to section 48 of the act on Mortgages, 3 *Comp. Stat.*, p. 3421, the present action is premature. Defendant relies on the case of *Holmes* v. *Seashore Electric Railroad Co.*, 57 *N. J. L.* 16. This case was discussed and distinguished in the case of *Reinhardt* v. *Interstate Telephone Co.*, 71 *N. J. Eq.* 70, and the application of section 48 of the Mortgage act was confined to the ordinary form of bond and mortgage. The court (at *p.* 73), stated:

"In order to bring a case within the prohibitory statute, the mortgage must be one which the holder of the bond could foreclose at his option. * * * Manifestly it could not have been the intention of the legislature to bar an action on a bond unless the holder of it had the right to foreclose the mortgage at his will and option."

It appears, therefore, that the bond and the coupons attached thereto, the subject of the present litigation, do not come within the prohibition of section 48 of the Mortgage act.

What doubt there may have existed on the point, was cleared in the case of *Levy* v. *Atlantic City and Shore Railroad Co.*, 103 *N. J. L.* 401, wherein the court stated:

"The single contention urged as a basis at the trial, and reiterated upon this appeal, is that the Mortgage act of 1881 (*Comp. Stat., p.* 3421, § 48) as well as the provisions of the mortgage itself, apply so as to prevent the institution of an

action at law to recover the amount of the maturing detached coupons.

"We think the case is *res judicata*, the same question having been determined by this court in *Fidelity Mutual Co.* v. *Wilkes-Barre and Hazelton Railroad Co.*, 98 N. J. L. 507, where we held upon a factual status substantially similar that the coupon was an independent obligation, and that the holder was entitled to payment thereof according to its terms. The direction of the learned trial court was therefore legally correct.

"The judgment will be affirmed."

The next point raised is that the plaintiff cannot bring this action without the written request of the owners of the majority in amount of all the bonds in the series in question. This defense is made pursuant to the provisions of the trust indenture. This provision, however, relates to the right of the bondholders to accelerate the maturity date of the principal due under the bond under certain conditions, and it does not affect the right of the bondholder to sue on the bond after the bond has become due, and it does not affect the bondholder's right to sue for interest due on the bond. The case of *Mack* v. *American Telephone Co.*, 79 N. J. L. 109, is dispositive of the matter. The point is thoroughly discussed in that case, and the conclusion reached is:

"Where the condition of a bond, limiting the right of action thereon to the trustee appointed to administer the trust agreement under which the bonds were issued, applies only to the option given to have the bonds declared due in case of default, and not to the right to collect the bond or the coupons already due, a bondholder having unpaid coupons can institute an action to recover the amount due on the coupons."

The motion to strike the answer will be granted.