**BIRKINS et al. v. SEABOARD SERVICE.**

Civ. A. No. 61–50.

United States District Court
D. New Jersey.

Dec. 29, 1950.

Stanley W. Greenfield, Elizabeth, N. J. (David M. Palley, New York City, of counsel), for plaintiff Daniel Ohl.

Elias A. Kanter, Newark, N. J., for defendant.

FORMAN, District Judge.

Plaintiffs, George Birkins and Daniel Ohl, citizens of the State of New York, filed a complaint against Seaboard Service, a New Jersey corporation, alleging a controversy between each of the plaintiffs and the defendant exceeding the sum of $3,000 exclusive of interests and costs and reciting three causes of action as follows:

In the first cause of action plaintiff Birkins alleges that he is the owner and holder of general mortgage bonds of the defendant in the aggregate principal sum of $12,080, each payable to bearer, and secured by a mortgage on real property, pursuant to an Indenture of Mortgage and Deed of Trust executed and delivered February 1, 1935 to certain named trustees; that in and by the said bonds the defendant promised to pay on September 1, 1949 to the bearer of each of said bonds, or if registered, to the registered owner thereof, the principal amount of said bonds; that at their maturity the defendant refused to deposit funds with the trustees for the payment thereof and notified the holders thereof that it would not pay the bonds which had become due and payable.

In the second cause of action plaintiff Ohl charges similar allegations except that he claims to be the owner of $13,080 of said general mortgage bonds.

In the third cause of action both plaintiffs join in the assertion that there was annexed to these bonds in addition to coupons providing for fixed interest at the rate of 4 per cent per annum income interest coupons payable at the rate of two and one-half per cent per annum from September 1, 1938, which income interest was to be paid only if the same should be earned in the fiscal year in which it accrued or in any subsequent year and was payable out of net income to be determined in the manner provided in the Indenture Mortgage and

Deed of Trust. They then allege that in every year beginning September 1, 1938 and up to and including the fiscal year beginning September 1, 1948 the defendant either had sufficient net income to pay in full or in part the income interest of 2½ per cent or if, in any fiscal year the net income was not sufficient to pay the same, the excess of net income of subsequent fiscal years was sufficient to pay and discharge in full the income interest unpaid for prior fiscal years. It is further alleged that the defendant through its Board of Directors fraudulently circumvented the payment of these coupons to the plaintiffs and other holders thereof by specified acts set forth in the complaint; and that by reason thereof there was due and owing to the plaintiff Birkins on said coupons the sum of $3,252.28 with interest and to plaintiff Ohl the sum of $3,522.08 with interest.

The defendant moved to dismiss the complaint against both plaintiffs on the grounds that they were not the real parties in interest; that the court had no jurisdiction of the claims of the plaintiffs to collect the principal of the bonds in view of the provisions of the New Jersey statute which provides that where a bond and mortgage have been given for the same debt, all proceedings to collect the debt shall be first, a foreclosure of the mortgage, and, second, an action on the bond for any deficiency, N.J.R.S. 2:65–2, N.J. S.A.; and that the matter in the controversy between each of the plaintiffs and the defendant does not exceed the sum of $3,000 exclusive of interests and costs. The defendant rested on the complaint, depositions of the plaintiffs and exhibits referred to in said depositions.

At the same time plaintiffs moved for judgment against the defendant under several of the Federal Rules of Civil Procedure, 28 U.S.C.A., including Rule 56(a) for summary judgment. In addition, there were other motions in connection with projected depositions. Hearing on all of these was deferred pending the determination of defendant's motion to dismiss the complaint.

The plaintiff George Birkins consented to a dismissal of the complaint against him after hearing on defendant's motion. This dissolved the first cause of action and left Daniel Ohl as the sole plaintiff, supporting the second cause of action and his part in the third cause of action.

An evaluation of the grounds urged by defendant in support of its motion to dismiss suggests the following considerations. While the complaint states that the plaintiff Ohl generally was the owner and holder of bonds as aforesaid, it was brought out at the argument that he was an employee of the Security Adjustment Corporation and that he had personally obtained possession of the bonds alleged to be held by him from the owners thereof for the purpose of retaining counsel, instituting suit and delivering to the owners of the bonds the proceeds of any judgment which might be obtained less costs of the litigation.

A grave question arises as to whether the status of Ohl was as an attorney in fact for the purpose of collecting under the bonds or as an assignee for such purpose. If he establishes himself in the latter status he must be regarded as a real party in interest, as defined in Rule 17(a) of the Federal Rules of Civil Procedure, and properly the plaintiff in this action, Rosenblum v. Dingfelder, 2 Cir., 111 F.2d 406, 407; while if it is established that he is an attorney in fact he is not the real party in interest entitled to bring this suit. Clark v. Chase National Bank, D. C., 45 F.Supp. 820; Spencer v. Standard Chemicals & Metals Corp., 237 N.Y. 479, 143 N.E. 651.[1]

Ohl was first interrogated on depositions on March 16, 1950 as to how he became possessed of the bonds. At this hearing his answers were vague and uncertain. He testified that he acquired them in October or November 1949. He did not buy or pay for them but accepted them

---

1. The right to sue as a real party in interest based on this distinction has been subjected to question. See 3 Moore's Federal Practice § 17.10 (p. 1351 et seq.).

as trustee for owners whose names he could not give. His arrangement with the holder of each bond was to engage an attorney for him or her to bring suit on the bond for the collection of principal and interest and return the funds to the bond owners after legal fees had been deducted. He stated that he had copies of letters acknowledging his receipt of the bonds and that he would produce them at a further hearing. He made no suggestion at this hearing that he was the assignee of the bonds in question.[2]

At a subsequent examination on March 31, 1950 he stated that he had not written such letters but had prepared a form of letter addressed to himself to be signed and forwarded to him by the bond owner. He produced these letters and one of them became available to the court. It is as follows:

"Mr. Daniel J. Ohl
c/o Security Adjustment Corporation
16 Court Street
Brooklyn 2, New York
"Dear Mr. Ohl:

"This will confirm the understanding which I had with you when the bonds of the Seaboard Ice Company which I own were delivered to you in November, 1949.

"I did assign and transfer to you all right, title and interest in these bonds in trust, in order that you may bring suit for the payment of the principal amount of my bonds with interest, in your name.

"It is my understanding that the attorneys you employ are to receive for their services, 50% of all the unpaid *conditional* interest due on these bonds.

"I agree that this assignment is to remain effective for a minimum period of 6 months after suit is instituted.

"If the principal of the bonds ($1,000) is paid within the six months' period, I am to receive the principal amount plus any regular interest that may be paid and you are to retain the conditional unpaid interest coupons and continue the suit in your name as my trustee until determination of the action.

"I agreed at that time to deliver the bonds as soon as possible, and since then I have made delivery of the bonds to you through the Security Adjustment Corporation.

"Very truly yours,
"Estate of Rose Krulewich Dec'd
/s/ "Howard Freeman
"Executor."
"Dated—March 22, 1950.

It is to be observed that the date of this letter is March 22, 1950 and that it postdated the first examination of March 16, 1950. The depositions indicate that it is similar to all the other letters and that they were dated and received in the interim between the two examinations.[3]

The letters themselves are confirmatory of a previous assignee arrangement. While, as indicated, the depositions are vague and, in some instances, contradictory to the allegations of the complaint they are not of such character as to show conclusively that Ohl was an attorney in fact and not an assignee for the collection of the bonds. At best, the position of the fact issues raised in this area of the case are equivocal and they will be resolved with accuracy only upon final hearing. Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580, 581. Hence, the assertions of Ohl are sufficiently unchallenged to prevent the dismissal of the complaint at this stage on the attack that plaintiff is not a real party in interest under Rule 17(a).

The depositions further showed that plaintiff had received bonds in the amounts and from parties listed as follows:

| Bond No. | Owner | Face Value |
|---|---|---|
| M 149 | Louis Segal | $1,000 |
| M 171 | " " | " |
| M 199 | " " | " |
| M 212 | " " | " |
| M 432 | " " | " |
| M 163 | Estelle T. Hakes | " |
| M 164 | Harry Sylvester | " |
| M 172 | Joaquin Pereira | " |
| M 204 | Security Adjustment Corp. | " |
| M 443 | " " " | " |
| M 205 | Howard Freeman, Executor | " |
| M 431 | Helen T. Rind | " |
| M 148 | Alvano T. Nickerson | " |
| A 166 | " " " | $ 80.00 |

2. Deposition of March 16, 1950, pp. 1 through 18.

3. Depositions taken March 31, 1950, pp. 38 through 53.

Viewing the plaintiff Ohl in the light most favorable to himself it is found that he claims to be nothing more than an assignee for the purpose of collection only. He is vested with no function of conservation or salvage of property as were the plaintiffs in the case of Bullard v. City of Cisco, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254. There the Supreme Court had before it plaintiffs who were the transferees of many claims respectively less than the jurisdictional amount. The claims were permitted to be sued upon by the plaintiffs because of the broad powers conveyed by the owners (transferors) which constituted the plaintiffs (transferees) more than mere assignees for collection.

It is provided in 28 U.S.C.A. § 1359: "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

■ Under this statute and its predecessors [4] it has been held that a federal court is without jurisdiction in an action by an assignee for the collection of claims which taken separately are insufficient in jurisdictional amount and which must be added to make up the jurisdictional amount. Waite v. City of Santa Cruz, 184 U.S. 302, 22 S.Ct. 327, 46 L.Ed. 552; Woodside v. Beckham, 216 U.S. 117, 30 S.Ct. 367, 54 L.Ed. 408; Bullard v. City of Cisco, supra, and Willis v. E. I. Du Pont De Nemours & Co., 10 Cir., 171 F.2d 51.

■ It is apparent that except for Louis Segal none of the other owner-transferors had claims in the requisite jurisdictional amount of $3,000. In so far as plaintiff Ohl's suit in the second and third cause of action is for the enforcement of those claims upon which the owners themselves could not have sued in the federal court because of the insufficiency of the amount of their claims, it must be dismissed because it does not involve a dispute or controversy within the court's jurisdiction. Inhabitants of Bernards Township v. Stebbins, 109 U.S. 341, 3 S.Ct. 252, 27 L.Ed.

956; Lake County Commissioners v. Dudley, 173 U.S. 243, 19 S.Ct. 398, 43 L.Ed. 684. See also Bullard v. City of Cisco, 5 Cir., 62 F.2d 313, reversed on other grounds in Bullard v. City of Cisco, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254.

■ Since, however, there is no doubt that an assignee for collection only of corporate bonds and coupons payable to bearer may be regarded as a real party in interest under Rule 17(a), as has been discussed heretofore, and since the plaintiff asserts that he holds such an assignment from Louis Segal, a resident of the State of New York, whose claim exceeds $3,000, the plaintiff Ohl has established the requisite jurisdictional amount in controversy in so far as his complaint rests upon the bonds and coupons of Segal at this stage of the proceedings.

The defendant charges another important infirmity in connection with the second cause of action for the principal amount of the bonds in that under the New Jersey law it is incumbent upon bondholders first to foreclose a mortgage before suit may be commenced upon bonds. The law is as follows:

"Where both a bond and a mortgage have been given for the same debt, all proceedings to collect the debt shall be:

"First, a foreclosure of the mortgage; and

"Second, an action on the bond for any deficiency, if, at the sale in the foreclosure proceeding, the mortgaged premises do not bring an amount sufficient to satisfy the debt, interest and cost." N.J.R.S. 2:65–2, N.J.S.A.

\* \* \* \* \* \*

"No action shall be instituted against any person answerable on the bond unless he has been made a party in the proceeding to foreclose the mortgage." N.J.R.S. 2:65–2, N.J.S.A.

The plaintiff argued that the statute does not apply to bonds of a corporation publicly held, citing as authority Reinhardt v. Inter-State Telephone Co., 71 N.J.Eq. 70, 63 A. 1097; Asbury Park & Ocean Grove

4. See Revisor's note under 28 U.S.C.A. § 1359.

Bank v. Giordano, 129 A. 202, 3 N.J.Misc. 555, affirmed 103 N.J.L. 171, 134 A. 915 and Fleming v. Sussex Calcite Co., 196 A. 714, 16 N.J.Misc. 67. The defendant sought to demonstrate the applicability of the case of Schoeler v. Chancery Lane Corp., 161 A. 644, 10 N.J.Misc. 932.

In the foregoing cases reference is made to Holmes v. Seashore Electric Ry. Co., 57 N.J.L. 16, 29 A. 419; Fidelity Mutual Life Ins. Co. v. Wilkes-Barre & H. R. Co., 98 N.J.L. 507, 120 A. 734; Levy v. Atlantic City & Shore R. R. Co., 103 N.J.L. 401, 135 A. 874. All of the cases have been considered. None is a clear and definitive holding that the mortgage act does or does not apply to corporate bonds and independent research fails to disclose any case containing such a ruling.

In the case of Holmes v. Seashore Electric Ry. Co., supra, the New Jersey Supreme Court (old) applied the Act of March 23, 1881, similar to the present statute, N.J.R.S. 2:65–2, N.J.S.A., and held that an action would not lie on overdue coupons of bonds secured by a mortgage prior to foreclosure, on the ground that the interest could not be severed and regarded as no part of the debt.

In the case of Reinhardt v. Inter-State Telephone Co., supra, plaintiff was the holder of bonds which had not matured and coupons which had. The suit was for an order adjudicating insolvency and for the appointment of a receiver. The plaintiff's standing as a creditor was challenged on the ground that under the mortgage act as held in the Holmes case an action would not lie for unpaid coupons. In a dictum the court seemed to have stated that, if required to make a holding, it felt that the mortgage act would not be applicable to the corporate bonds in that case. It distinguished the Holmes case on the assumption that the bond and mortgage in that case were in the form and character "precisely within the language of the statute". [71 N.J.Eq. 70, 63 A. 1098.] The opinion in the Holmes case, however, seems to indicate that it involved a series of corporate bonds and coupons secured by a mortgage. In any event the question there was not whether the plaintiff could bring an action at law upon corporate bonds without foreclosure of the mortgage but it simply raised the problem as to whether the plaintiff was a creditor of the defendant, and held that he was.

The cases of Fidelity Mutual Life Ins. Co. v. Wilkes-Barre & H. R. Co., supra, and Levy v. Atlantic City Shore R. R. Co., supra, contribute no solution for, seemingly contrary to the Holmes case, they merely hold that overdue coupons are independent obligations upon which suit may be brought.

The case of Fleming v. Sussex Calcite Co., supra, was an action to recover the amount of certain overdue coupons attached to bonds secured by a mortgage. One of the defenses urged was that the action was premature in that the mortgage securing the bonds had not been foreclosed pursuant to the provisions of the Mortgage Act of 1881. The trial judge, in distinguishing the Holmes case, relied upon the Reinhardt case and stated that the latter case had confined the mortgage act to the ordinary form of bond and mortgage on the grounds that the mortgage comprehended by the prohibitory statute must be one which the holder of the bond could foreclose at his option. He therefore concluded that the bond and the coupons attached thereto did not come within the prohibition of the mortgage act. Since the action involved only a suit on the coupons it is clear that the reference to bonds was mere dicta, supported in turn, by dicta, and that the Levy case, additionally cited by the court, was fully dispositive of the issue therein.

In Schoeler v. Chancery Lane Corp., supra, the holder of bonds, with interest coupons attached, secured by a mortgage sought to sue for the principal and interest although a suit had already been instituted by the trustee for the bondholders to foreclose the mortgage. Defendants moved to strike the complaint on the grounds that the suit was not maintainable in view of the mortgage act and the provisions of the trust deed. While there is language in this opinion which seemingly suggests the applicability of the mortgage act to corporate bonds, it is evident that

the holding of the court that the mortgage must first be foreclosed is predicated primarily upon specific terms of the bonds and the accompanying trust deed.

■ Under the circumstances, in the absence of any express holding by the New Jersey courts, I am constrained to the opinion that in the instant case the plaintiff should be required to foreclose upon the mortgage securing the bonds held by him. The plain meaning of the statute, reenacted in this respect without change in 1948, does not appear to preclude corporate bonds from its proscription. Under this statute mortgages are not merely security for the bonds accompanying them but the lands for which they are liens are the primary fund for the payment of debts evidenced by the mortgages. Buchman v. Smith, 137 N.J.Eq. 215, 44 A.2d 179, 161 A.L.R. 1069. While most corporate bonds are prepared with meticulous care so as to require, upon default prior to maturity, foreclosure only by trustees under specified conditions, (and this is a matter of contract with the holders) the security still remains the primary fund for the payment of the debt. In the instant case, the bonds having matured, the holders are not required to resort to the trustees but can bring their own foreclosure suit. However, I am not unmindful of the realities presented in this suit. The defendant cannot seriously assert that it is desirous that the plaintiff resort to a foreclosure. This is obviously a technical defense interposed while the litigants jockey over the real issue as to the income interest payments. There does not appear, from the oral arguments herein, to be any serious issue that the principal of the bonds is due and should and could be paid. The defendant is a going concern which has made substantial profits in the past years.

■ Under the circumstances, the second cause of action will be dismissed, but this will be without prejudice to the plaintiff to take appropriate steps to obtain whatever relief may be available under the state of facts presented in these proceedings.

■ The defendant further contends that if the second cause of action is dismissed this court has no jurisdiction of the third cause of action for the income interest coupons since they involve less than $3,000. It is apparently now conceded by plaintiff that the aggregate claim for income interest in the third count on all assignments held by him amounted to less than $3,000. It has been shown that no assignor other than Louis Segal had a claim for principal and interest that rose to the jurisdictional level and that the aggregation of all such claims together or with the claim of Segal was prohibited to achieve an "aggregated" jurisdiction. It also now appears that the claim of Segal in the third count for interest income amounts only to approximately $1,132.81. Nevertheless the court may take jurisdiction over this claim. Where the jurisdiction of the federal district court has been invoked in a suit having more than one cause of action on the grounds of diversity of citizenship and the existence of claims involving the required statutory amount, the court does not lose jurisdiction of the suit upon elimination of one cause of action, notwithstanding that the aggregate amount recoverable under the remaining cause of action is less than $3,000, where the dismissed cause of action was brought in good faith and the cause for dismissal was not legally certain on its face. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L. Ed. 845; Schunk v. Moline, Milburn & Stoddard Co., 147 U.S. 500, 13 S.Ct. 416, 37 L.Ed. 255; Kissick Const. Co. v. First Nat. Bank of Wahoo, D.C., 46 F.Supp. 869, 871.

■ The courts of New Jersey have repeatedly held that the statutory provisions requiring the foreclosure of the mortgage as the initial step in the proceedings for the collection of the debt are not designed to secure any object of public policy but is a personal privilege that may be waived by a party. Guarantee Trust Co. v. Hoffman, 199 A. 781, 16 N.J.Misc. 340, 342, and cases cited there. Under the circumstances of this case the defendant:

may well have waived the privilege of requiring foreclosure since it is apparently a going concern and plaintiff could not know what action defendant would take at the time he filed his complaint. Furthermore, in view of the unsettled state of the law on the necessity for foreclosure, the plaintiff's good faith in bringing the second cause of action cannot be impugned notwithstanding its dismissal as aforesaid. Therefore, the court will retain jurisdiction of the third cause of action in so far as it pertains to the interest coupons held for the benefit of Louis Segal.

But the defendant asserts that the third cause of action must fail for another reason. It claims that a similar suit was instituted in a New Jersey Superior Court entitled William Knobloch et al. v. Seaboard Service, and which was determined against the plaintiffs and in favor of the defendant. This, the defendant argues, is res adjudicata of the issue posed by the third cause of action. Reference to the said New Jersey suit discloses that the court in an unpublished opinion, filed June 1, 1949, dismissed the complaint on the ground that it failed to state a cause of action. It reached this conclusion upon a consideration of the nature of the obligation to pay income interest as contained in Article V of the Indenture of the defendant because the complaint alleged merely that the defendant had sufficient earnings to pay the income interest rather than alleging that sufficient net income had been realized out of earnings to pay all or part of the interest coupons after deducting from earnings such allowances as were proper under the provisions of said Article V.[5] The court pursuant to its opinion en-

tered an order dismissing the complaint and entered summary judgment in favor of the defendant. While summary judgment was ordered, it is clear from the opinion that the court acted upon the complaint before it. Indeed, in its order granting summary judgment it employed the following language: "* * * and the Court having examined and considered the *complaint* and having heard and considered argument of counsel and briefs, and it appearing that the *complaint* fails to state a claim upon which relief can be granted * * *." (Emphasis supplied).

The defendant adds the insistment that the decision of the State court operates to dispose of this case under Rule 3:41–2[6] of New Jersey Rules of Civil Practice, the pertinent part of which is as follows:

"Unless the court in its order for dismissal otherwise specifies, a dismissal under Rule 3:41–2 and any dismissal not provided for in Rule 3:41, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits."

When compared with the complaint in this court it is found that the plaintiff here has endeavored to plead matter curative of the defects in the complaint in the State court and has set up substantial issues. There is little question that the Louis Segal upon whose bonds and coupons plaintiff relies in this suit was likewise a plaintiff in the State court action, but there is grave uncertainty as to the scope of the decision of the State court judgment. It is far from clear that there is no genuine issue as to material fact or that the issue here is not now different from that raised in the State court action so as to entitle defendant here to summary judgment in

5. Article V, Section 2 of the Indenture of Mortgage and Deed of Trust provides as follows: "The Net Income available for the income interest on the Bonds shall be determined by deducting from income, operating and non-operating, all current taxes, including Federal taxes of any kind, cost of sales, delivery, selling, general and administrative expenses, insurance, license charges, bad debts or reserve for bad debts, rentals and all other charges, actual expenditures and reasonable reserves for current repairs, current replacements and current renewals of physical properties (but no reserve for depreciation), and such other charges as are generally charged against income by companies conducting a similar business, all interest charges upon any debt of the Company, interest for the fiscal year upon all of the 6% Secured Serial Notes, the 6% Serial Mortgage Bonds and the 4% fixed interest on the Bonds."

6. Similar to Fed.Rules Civ.Proc. rule 41 (b), 28 U.S.C.A.

254

its favor. See Philadelphia Workingmen's Saving Loan & Building Ass'n v. Albert M. Greenfield & Co., D.C., 9 F.R.D. 71. Hence its motion on this ground also will be denied now, reserving to it the right to raise it again after proofs in the case are more fully developed.

Notice should be given for the settlement of an order in conformity with the terms hereof.