**Bert A. LYNCH, Jr., Appellant,**

v.

**Martha Ann Lynch PORTER et al.,**
**Appellees.**

**No. 71–1069.**

United States Court of Appeals,
Eighth Circuit.

Aug. 3, 1971.

Thomas C. Walsh, St. Louis, Mo., for appellant.

Richard S. Arnold, Texarkana, Ark., for appellees.

Before LAY, HEANEY and BRIGHT, Circuit Judges.

LAY, Circuit Judge.

Plaintiff-beneficiary Bert A. Lynch, Jr., a citizen of the State of Missouri, initially sought relief against trustees of two testamentary trusts by bringing this diversity suit in two counts: (1) for restoration of trust funds allegedly

diverted by the trustee through self-dealing,[1] and (2) for removal of one of the trustees, Martha Ann Lynch Porter. In his complaint plaintiff joined Martha Ann Lynch Porter, a beneficiary and cotrustee; Robert A. Porter, her husband; Dora A. Lynch, a beneficiary and cotrustee; all citizens of the State of Arkansas, and Louis Lynch, a beneficiary, allegedly a citizen of the State of Tennessee, as individuals.[2] He also joined Martha Ann Lynch Porter and Dora A. Lynch in their capacity as trustees of the marital and residuary trusts established in the will of plaintiff's father, B. A. Lynch, deceased. After the filing of this suit the cotrustee, Dora A. Lynch, mother of both the plaintiff and the alleged wrongdoer, Martha, restored to the trusts the amount prayed for under Count I. Defendants then moved to dismiss plaintiff's complaint "for want of jurisdiction of subject matter" and "mootness." The federal district court sustained defendants' motion and plaintiff has appealed.

The federal district court ruled the first count moot, and considered the second count "pendent" to the first. Defendants urged that the district court should refuse to exercise its pendent jurisdiction over this issue in deference to the state chancery court's jurisdiction in a subsequently filed accounting suit.[3] The trial court found if it removed a trustee "the matter would then revert to the jurisdiction of the probate court, which would have to continue the supervision of the administration of the trusts." The district court observed this would require "an interference with the administration of the trusts which should be conducted under the supervision of the Chancery Court." In support of dismissal the trial court relied on United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L. Ed.2d 218 (1966), where the Supreme Court said: "if the *federal* claims are dismissed before trial, even though insubstantial in a jurisdictional sense, the *state* claim should be dismissed as well." (Our emphasis.) Thus the trial court concluded it had "no choice" but to dismiss plaintiff's suit.

The sole issue on appeal is whether the trial court was correct in treating Count II, seeking removal of the trustee, as a pendent claim and refusing to retain jurisdiction of this matter as an exercise of sound discretion.

Pendent jurisdiction in *a diversity action* attaches to a claim when that claim, lacking in independent jurisdictional requirements, cannot be aggregated with the other claims in the suit. However, the trial court may find that the ancillary claim is so closely related to the subject matter being adjudicated that considerations of judicial economy and fairness to the litigants require assumption of jurisdiction. Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809 (8 Cir. 1969). In such cases aggregation is usually not possible because

1. Plaintiff is an income beneficiary and contingent remainderman of two testamentary trusts created by the will of his father. A substantial portion of the assets of these trusts consists of stock in the Farmers & Merchants Bank of Blytheville, Arkansas. In settlement of an earlier suit between these parties, plaintiff agreed to sell some of his personal holdings in this bank stock to his brother-in-law, Robert Porter, for $78 a share. It was alleged that on the same day when plaintiff acquired the stock, Robert, without knowledge of the plaintiff, arranged through his wife, Martha, to sell the stock to the trusts for $78 a share. Some months later Robert reacquired these shares from the trusts for

$60 a share thus causing an alleged loss to the trusts of $49,199.63. Throughout these transactions Martha acted in the capacity of trustee in dealing with Robert.

2. Disclaimers of interest in this action and a "ratification and confirmation" of the complaint transaction were filed by Louis, Martha and Dora as the only other beneficiaries of these trusts.

3. After restoration to the res of the funds allegedly diverted from the trust defendants filed a suit for an accounting and court approval of the trustee's action in the Chancery Court of the Chickasawba District of Mississippi County, Arkansas.

there is a distinctness of claims and a difference of parties—i. e., one plaintiff suing in two capacities, or a single plaintiff asserting separate and distinct claims against two or more defendants, or two related plaintiffs seeking separate relief from integrated claims against the same defendant. Cf. Borror v. Sharon Steel Company, 327 F.2d 165 (3 Cir. 1964); Wilson v. American Chain & Cable Company, 364 F.2d 558 (3 Cir. 1966); Jacobson v. Atlantic City Hospital, 392 F.2d 149 (3 Cir. 1968).

Undeniably, the trial court had jurisdiction over Count I.[4] Federal jurisdiction was based on diversity of citizenship and the alleged amount in controversy exceeded $10,000. In this count plaintiff prayed for the relief of restoration of trust funds "derivatively on behalf of the trust." Thus, the apparent capacity in which plaintiff seeks this relief differs from that in Count II where plaintiff sues on his own behalf as beneficiary of the trust. Apparently, it is this assumed dual-capacity which induced both the trial court and the plaintiff to believe that these claims cannot be aggregated and, as a consequence, that Count II must be "pendent." The form of the pleading was misleading. Plaintiff's allegations that the claim for damages is "derivative" misconstrues the nature of the right he seeks to enforce.[5] And since this issue relates to the basic jurisdiction of the federal court, it is incumbent on this court to ascertain the correctness of the jurisdictional ruling. See Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338 (1934); Roberson v. Harris, 393 F.2d 123 (8 Cir. 1968); ˙Texaco-Cities Service Pipe Line Co. v. Aetna Casualty & Surety Co., 283 F.2d 144 (8 Cir. 1960); Schroeder v. Freeland, 188 F.2d 517 (8 Cir. 1951).

It is a recognized principle of law that a suit for restoration of the trust res from a trustee seeks enforcement of a right belonging only to the beneficiary. Restatement, Trusts 2d § 200. When such a breach of trust occurs it must be redressed by the beneficiary who may sue the trustee for restoration and also seek the latter's removal. See, Restatement, Trusts 2d §§ 199 and 201. By contrast, a derivative suit involves the enforcement of a right of action which belongs to another. Wright, Fed. Courts § 73 (1970); Moore, supra ¶ 23.1.16(1). Thus if the trust res were harmed by a third party, and the trustee refused to act, a derivative action would lie against the wrongdoer by the beneficiary on behalf of the trust. See Scott, Trusts, § 282.1 (3d ed. 1967).

Here, the injury to the res was caused by the trustee, thus the claim for breach of trust belongs solely to the beneficiary

---

4. There exists no defect of parties. All beneficiaries are normally deemed indispensable parties to an equitable suit seeking restoration of the res. 3 Moore Fed. Prac., ¶ 19.18(1), at p. 2564 (2d ed. 1970). However, where a disclaimer of interest is filed by a beneficiary, he becomes an unnecessary party. 3 Moore, supra, ¶ 19.03, p. 2157, citing Grant County Deposit Bank v. McCampbell, 194 F.2d 469 (6 Cir. 1952). Nevertheless, we deem Louis Lynch's joinder as a party defendant to the suit proper. His attitude toward the litigation as manifested by his disclaimer dictates his proper alignment as a party defendant. See Green v. Green, 218 F.2d 130 (7 Cir. 1955). Cf. Brown v. Denver Omnibus & Cab Co., 254 F. 560 (8 Cir. 1918).

Count I was originally attacked as being deficient in jurisdictional amount on the theory that plaintiff's distributive share of the trust res involved was less than $10,000. Cf. Sawyer v. Davis, 408 F.2d 358 (8 Cir. 1969). The trial court properly ruled that jurisdictional amount had been established. Although plaintiff sues individually he nevertheless seeks to enforce a right commonly held by all beneficiaries to obtain restoration to the trust of the full loss.

Under Count II all beneficiaries need not be joined in a suit to remove a trustee. See Wesson v. Crain, 165 F.2d 6, (8 Cir. 1948).

5. Substance of the pleadings should control. See Richardson v. Communications Workers of America, AFL–CIO, 443 F.2d 974 (8 Cir. 1971).

and not to the trust.[6] The action is therefore not derivative. Consequently, the claim for relief in Count I is of the same equitable nature as the beneficiary's suit to remove the trustee. Thus we conclude that plaintiff was not suing in different capacities and that Count II was not pendent.

■ It is a well settled rule that once diversity jurisdiction is properly invoked, a single plaintiff may properly aggregate all of the claims which he has against the defendants to satisfy the jurisdictional amount.[7] Edwards v. Bates County, 163 U.S. 269, 16 S.Ct. 967, 41 L.Ed. 155 (1896); Simecek v. United States National Bank of Omaha, 91 F.2d 214 (8 Cir. 1937); Alberty v. Western Surety Co., 249 F.2d 537 (10 Cir. 1957); Potter's Photographic Applications Co. v. Ealing Corp., 292 F.Supp. 92 (E.D.N.Y.1968). And, of course, subsequent events reducing the amount in controversy will not affect the jurisdiction of the court. Saint Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); State Farm Mutual Automobile Ins. Co. v. American Casualty Co., 433 F.2d 1007 (8 Cir. 1970); United States Fidelity & Guaranty Co. v. Millers Mutual Fire Ins. Co. of Texas, 396 F.2d 569 (8 Cir. 1968); Home Ins. Co. of N. Y. v. Trotter, 130 F.2d 800 (8 Cir. 1942).

■ Once claims have been properly aggregated and original jurisdiction has attached, dismissal of one claim does not leave those remaining, although for less then the jurisdictional amount, under the pendent jurisdiction of the court.

The remaining claim stays within the court's original diversity jurisdiction. See e. g., State Farm Mutual Auto Ins. Co. v. American Casualty Co., 433 F.2d 1007 (8 Cir. 1970); Stewart v. Shanahan, 277 F.2d 233 (8 Cir. 1960); Birkins v. Seaboard Service, 96 F.Supp. 245 (D.N.J.1950).

■ Assuming federal jurisdiction arguendo, defendants additionally urge that the district court should nevertheless abstain from passing on the claim relating to removal of the trustee. The defendants' reasoning, as adopted by the district court, is that the question of removal involves application of state law and abstention will avoid any undue interference with the state court's jurisdiction over the res of the trust. This reasoning misconstrues the doctrine of abstention. Simply because the question before the court involves state law does not require abstention of a federal court. As stated by the Supreme Court in Meredith v. Winter Haven, 320 U.S. 228, 236, 64 S.Ct. 7, 12, 88 L.Ed. 9 (1943): "Congress having adopted the policy of opening the federal courts to suitors in all diversity cases involving the jurisdictional amount, we can discern in its action no recognition of a policy which would exclude cases from the jurisdiction merely because they involve state law or because the law is uncertain or difficult to determine." See also, Baggett v. Bullitt, 377 U.S. 360, 375, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964); McNeese v. Board of Education, 373 U.S. 668, 673, n. 5, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Allegheny County v. Mashuda Co., 360 U.S. 185,

6. While it is true that Robert A. Porter is a third party and not a trustee or beneficiary, he is alleged to have "counseled, aided and abetted" Martha in the violation of her fiduciary duty. In such an instance, the primary right of action against the third party belongs to the beneficiary even though the trustee may also sue. Scott, Trusts, § 282.1, p. 2338 (3d ed. 1967).

7. See especially Stone v. Stone, 405 F.2d 94 (4 Cir. 1968) where a settlor sued a trust beneficiary and the mother of the beneficiary for misappropriation of trust corpus. In the first count the settlor sought $8,321.05 from the mother for unlawful diversion of the corpus (shares of stock), and in the second count the settlor charged the beneficiary with wrongful refusal to endorse the stock certificates which had a value of $5,583.00. The beneficiary's mother was named as a co-defendant in the second count based on an allegation of aiding and abetting the beneficiary's tortious conduct. Jurisdictional amount was satisfied by aggregating the two claims against the mother.

196, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959); Propper v. Clark, 337 U.S. 472, 490, 69 S.Ct. 1333, 93 L.Ed. 1480 (1949). Here there exists no problem of construction or interpretation of a state statute or constitutional principle. There is no alleged uncertainty or ambiguity of state law, nor does any appear to exist. The state court had no custody of the res at the time suit was filed. Once the executors closed the testator's estate and delivered the res to the trustees, the probate court's jurisdiction terminated. There exists no continuing administration of the trust in the courts of Arkansas.[8] The argument that any federal action will interfere with the state court's administration of the trust is illusory. The state suit was filed subsequent to the institution of this action. Our analysis does not disagree with the district court's apt appraisal and preference to have the state Chancery Court administer the accounting. However, state courts have only concurrent jurisdiction in matters such as these, and preference of the district court alone, cannot defeat federal jurisdiction once properly invoked. As stated in *Meredith*, supra, "The diversity jurisdiction was not conferred for the benefit of the federal courts or to serve their convenience. Its purpose was generally to afford to suitors an opportunity in such cases, at their option, to assert their rights in the federal rather than in the state courts. * * * [I]t has from the first been deemed to be the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment." 320 U.S. at 234, 64 S.Ct. at 11. See also Martz v. Braun, 266 F.Supp. 134 (E.D.Pa.1967),

holding in a case similar to the one at bar that it would be an abuse of discretion to abstain on the basis of federal-state comity.

We find that the district court erred in declining to retain jurisdiction of plaintiff's remaining claim for relief seeking removal, of the trustee. The court may entertain a motion, *if deemed necessary*, to protect its jurisdiction since federal jurisdiction over the subject matter was initially and properly invoked. Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939).

Judgment reversed and the cause remanded for further proceedings in accord with this opinion.

---

8. See Thompson v. Dunlap, 244 Ark. 178, 424 S.W.2d 360 (1968), which states: "Judicial supervision of a trust unavoidably involves added expense in court costs and attorneys' fees. In the absence of a direction by the creator of the trust that it be so supervised and of any peculiar facts suggesting the desirability of such judicial scrutiny, we are of the opinion that the issue (of continuing administration) should not be raised by the court on its own motion."

In the instant case the testator provided in the trust instrument, "they (the trustees) shall not be required to file reports with any court." See Hastings v. Jackson, 201 Ark. 1005, 148 S.W.2d 305 (1941), for the effect of such a clause on the duty to account.