**Donna L. RYAN, for herself, and as mother and next friend of Valerie Ryan, et al., Appellants,**

v.

**The FIRST PENNSYLVANIA BANKING AND TRUST COMPANY, also known as the First Pennsylvania Bank, as Executor and Trustee under Will of Margaret M. Ryan, Deceased.**

**No. 74–1827.**

United States Court of Appeals, Third Circuit.

Argued April 17, 1975.

Decided July 24, 1975.

James J. Regan, Jr., Bala-Cynwyd, Pa., for Appellants.

Miles H. Shore, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for Appellee.

Before SEITZ, Chief Judge, and RO-SENN and WEIS, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

Plaintiffs, Donna L. Ryan and her three minor children appeal a district court judgment dismissing their complaint for lack of jurisdiction. Plaintiffs are all residents of New York State. Defendant, a Pennsylvania bank, is the trustee of a spendthrift trust of which the beneficiary is John Ryan, husband of Donna L. Ryan and father of her three children. John Ryan and Donna Ryan have been separated since 1972.

In their complaint in this diversity action plaintiffs make three claims. First, they claim arrearages due under a 1973 judgment of the New York Family Court which ordered John Ryan to make payments for the support of his three minor children and payments toward satisfaction of certain legal fees. Plaintiffs claim that John Ryan has been in arrears in these payments since June 1973. In their amended complaint plaintiffs also claim that under an order of October 3, 1973, John Ryan was required to deposit $20,000 with the Family Court of New York and that this sum has never been paid into court. They seek to en-force the New York judgments under the full faith and credit clause of Article IV, Section 1 of the Constitution. Second, they seek to enforce a New York "Separation Agreement" under which plaintiffs claim arrearages in alimony and support payments have accumulated since December 1, 1972. To satisfy these first two claims, plaintiffs seek to reach income due John Ryan under his spendthrift trust, claiming that under 20 P.S. § 6112 (Spec.Pamph.1975) the income is subject to their claims. They assert that section 6112 gives them an in rem action against the income of the trust in the hands of defendant-trustee.[1]

Third, they seek to compel defendant to restore amounts to the trust income allegedly diverted therefrom for the repayment of a personal loan made by the bank to John Ryan. Plaintiffs claim that in repaying itself by invading trust income, defendant repeatedly violated the express provisions of the trust and thereby breached its fiduciary duty.

To satisfy the foregoing claims, plaintiffs seek injunctive relief (1) prohibiting payment of trust income to John Ryan, (2) ordering payment of such income to plaintiffs, (3) ordering defendant to "reimburse and repay to the income assets" of the trust sums diverted to repay the personal loan, and (4) ordering defendant to cease any payment of the trust corpus to Ryan and, instead, to make "any payments of corpus principal" from such assets to plaintiffs.[2]

The district court found that as executor of the will creating the trust, the defendant had filed an account with the Orphans' Court Division of the Court of Common Pleas of Delaware County,

---

1. Plaintiffs have not invoked another Pennsylvania statute, 48 P.S. § 136 (1965), which provides that a person due support can attach up to 50% of the beneficial interest of a spendthrift trust and that such attachment remains a continuing lien upon the trust until all amounts due that person have been paid. *See Posner v. Sheridan,* 451 Pa. 51, 299 A.2d 309, 314 (1973).

2. The will which created the trust of which John Ryan is income beneficiary stated that:

    (a) the net income from his  . . . trust shall be paid to him  .  .  . in quarterly or other convenient installments; and

    (b) as much of the principal of his . . . trust as the Trustee may from time to time think desirable for such child's welfare and support shall be applied directly for his . . benefit by the Trustee.

Pennsylvania,[3] and that the Orphans' Court had issued an adjudication of this account on December 29, 1967. The district court accepted plaintiffs' characterization of their claims against the trust income as an action in rem. The court further found that plaintiffs' claim against defendant seeking "restoration" of income was quasi in rem. The court held that the filing of an account in Orphans' Court had vested that court with exclusive jurisdiction over the res of the spendthrift trust, and therefore dismissed plaintiffs' complaint for lack of jurisdiction. In reaching this result, the court relied on *Princess Lida of Thurn and Taxis v. Thompson,* 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939). In the alternative, the district court held that even if it had jurisdiction over plaintiffs' claims, the facts presented an appropriate case for federal abstention.

Subsequent to the dismissal of plaintiffs' complaint, and after plaintiffs filed notice of appeal therefrom in this court, defendant on January 20, 1975, filed a first account as trustee of the spendthrift trust. On motion of plaintiffs, this court thereafter enjoined defendant from prosecuting the account proceedings pending disposition of this appeal.[4]

### Federal Jurisdiction

■ We cannot agree with the district court that under *Princess Lida* the 1967 filing of an account by defendant as executor of the will which created the trust precludes the assertion of federal jurisdiction over plaintiffs' claims. In *Princess Lida,* beneficiaries of a trust brought suit in federal court alleging mismanagement and seeking both an accounting and removal of the trustee. An account had been filed by the trustee in state court a day prior to commencement of the federal suit and one of the five beneficiaries later filed exceptions thereto. In holding that the federal court lacked jurisdiction, the Supreme Court relied on the principle pertinent to both in rem and quasi in rem actions and "applicable to both federal and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other . . . ." 305 U.S. at 466, 59 S.Ct. at 280. The only fair reading of that case, in our opinion, is that the decision was based on the priority of assertion of specific jurisdiction over the trust res by the state court in the accounting action. Had not that action been filed prior to the federal suit, it seems clear that the federal court would have had jurisdiction over the beneficiaries' claims. *See Lynch v. Porter,* 446 F.2d 225 (8th Cir. 1971), *cert. denied,* 404 U.S. 1047, 92 S.Ct. 711, 30 L.Ed.2d 739 (1972).

We applied *Princess Lida* in *Reichman v. Pittsburgh National Bank,* 465 F.2d 16 (3rd Cir. 1972), and that decision is dispositive of the jurisdictional question in this case. In *Reichman* as in this case there had been an adjudication of an account filed by the defendant as executor of the will creating the trust. Furthermore, the trustee had twice invoked the jurisdiction of the Orphans' Court for permission to lease trust property. A suit was filed in federal court seeking to surcharge the trustee for mismanagement and to require it to file an account, and shortly thereafter the trustee voluntarily filed an account in the Orphans' Court. We held that there existed no exclusive jurisdiction in the state court and that *Princess Lida* was inapplicable because the federal action was filed prior to the filing of the trustee's account in the state court.

---

3. The Pennsylvania Constitutional Amendments of 1968 consolidated the Common Pleas and Orphans' Courts. The jurisdiction which the latter court had previously exercised wss transferred to the Orphans' Court Division of the Common Pleas Court.

4. This injunction will be vacated with leave to seek appropriate relief in the district court if deemed necessary.

■ The same result must obtain here. The executor's account relied on by the district court as establishing the exclusive and continuing jurisdiction of the Orphans' Court had nothing whatsoever to do with the administration of the trust and touched the trust res only to the extent of confirming the transfer of certain assets of the estate to the trustee. At the time of the filing of the federal suit there existed no jurisdiction in the Orphans' Court over the trust res and indeed the powers of that court had never been invoked with respect to this trust prior to the date this action was instituted. The exercise of jurisdiction by the district court could not, therefore, have interfered in any way with any existing state jurisdiction over the res. Thus, the district court erred in holding that the doctrine of *Princess Lida* precluded maintenance of this action in federal court. Federal jurisdiction, conferred by institution of this diversity action, was not ousted by the subsequent filing of the trustee's account in state court. *Reichman, supra; Lynch v. Porter, supra.*

We therefore conclude that the district court's ruling on the jurisdictional issue was in error.

### Abstention

We next consider the correction of the district court's alternative conclusion that the abstention doctrine should be applied to all claims, citing *Reichman v. Pittsburgh Nat. Bank, supra.* An analysis of the three claims and the relief sought is important to a determination of the correctness of the district court's alternative holding.

■ Plaintiffs' first two claims seek to obtain money judgments and to require the application of the trust income to their satisfaction under 20 P.S. § 6112 (Spec.Pamph.1975). We cannot see how determination of these claims and the granting of the requested relief could interfere with the Orphans' Court jurisdiction over the trust. The relief, if granted, would not affect in any way

the supervision of the trust or the amount of income to be distributed. *See Posner v. Sheridan,* 451 Pa. 51, 299 A.2d 309 (1973). Nor is it suggested how administrative efficiency or convenience would be served by deferring to the Orphans' Court. We conclude that the abstention doctrine is not properly applicable to the first two claims.

Plaintiffs' third claim seeks to restore to the trust income allegedly diverted therefrom for the repayment of a loan made by the bank to the income beneficiary, the details of which are uncertain. The purpose for the restoration is presumably to make such income available to help satisfy the claims asserted in the first two counts. This claim smacks of a not untypical breach of trust claim except for the fact that plaintiffs are not income beneficiaries. Whether plaintiffs would have standing to assert this claim is not clear under Pennsylvania law.

Another difficult Pennsylvania law question is also presented by this count: could a creditor in plaintiffs' position successfully argue as a matter of Pennsylvania law that the spendthrift trust income paid by the bank-trustee to itself individually to satisfy a personal loan was subject, in whole or in part, to its claim against trust income? We are unaware of any definitive state law answer to this question which may well arise as an issue under the third count.

■ Given these unresolved state law questions and the intimate relationship of the claim to a mismanagement charge against a fiduciary, over which the Orphans' Court has exclusive jurisdiction under Pennsylvania law, we think the federal district court properly abstained as to the third count. *Cf. Magaziner v. Montemuro,* 468 F.2d 782 (3rd Cir. 1972).

We emphasize that we are deciding only the jurisdiction and abstention issues treated by the district court. The judgment of the district court will be reversed as to the first two counts and affirmed as to the third count solely under the abstention doctrine.